**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Eric NORRIS, Appellee**

**Commonwealth of Pennsylvania, Appellee.**

v.

**Eric Norris, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 29, 2002.

Filed March 10, 2003.

---

Regina Oberholzer, Assistant District Attorney, Philadelphia, for Com.

Louis B. Priluker, Philadelphia, for Norris.

Before: JOHNSON, BENDER and KELLY, JJ.

BENDER, J.:

¶ 1 The Commonwealth appeals the December 14, 2001 judgment of sentence in which the trial court sentenced Edward Norris (Norris) to ten to twenty years' incarceration for aggravated assault, thereby declining to impose a mandatory sentence of twenty-five to fifty years' imprisonment under the "three strikes law," *i.e.*, 42 Pa.C.S. § 9714(a)(2). Pursuant to 42 Pa.C.S. § 9714(f), we are constrained to remand to the sentencing court for resentencing in accordance with the directives contained in this memorandum.

¶ 2 A brief factual and procedural history follows. In the early morning hours of May 18, 1998, Norris and the victim were attending two separate birthday parties at a nightclub in Philadelphia. A fight ensued between guests of each party. Norris and other guests of the party he attended were evicted from the club by security. Afterwards, as the victim was leaving the nightclub, Norris came up behind him and hit him in the back of the head with "The Club," a metal security device used to lock car steering wheels. Norris continued to beat the victim after the victim lost consciousness and fell to the ground. Norris's cousin, Juan Canty, joined in the beating of the victim. Norris and Canty fled the scene and were arrested shortly thereafter. Canty pled guilty to charges stemming from his involvement in the attack on the victim.

¶ 3 Norris, however, proceeded to a nonjury trial commencing on August 2, 2001. The trial court convicted Norris of aggravated assault, simple assault, recklessly endangering another person, possessing an instrument of crime (PIC), and criminal conspiracy. Immediately following the trial court's pronouncement of the verdict, Norris raised his hand and stated that he had wanted to testify, but defense counsel, Edward Meehan, Jr., had prevented him from doing so. The trial court, therefore, allowed Mr. Meehan to withdraw and appointed new counsel, Louis B. Priluker. Prior to sentencing, on December 14, 2001, the trial court held a hearing on the issue of whether Mr. Meehan provided ineffective assistance of counsel for allegedly "coercing" Norris into waiving his right to a jury trial and advising Norris not to testify. The trial court determined that Mr. Meehan did not provide ineffective assistance on these grounds and, therefore, proceeded to sentence Norris.

¶ 4 Prior to the aggravated assault conviction in this case, Norris had two prior convictions for violent crimes. One was a 1991 conviction for robbery and the other was a 1992 conviction for rape. N.T. Sentencing, 12/14/01, at 146. Accordingly, in the bill of information for the charge of aggravated assault in the instant case, the Commonwealth included a notice of its in-

tent to seek a mandatory minimum sentence under 42 Pa.C.S. § 9714, but did not specify whether its intent was to seek a sentence under the "two strikes" provision (section 9714(a)(1)), which provides for a mandatory minimum term of imprisonment of ten years, or the "three strikes" provision (section 9714(a)(2)), which provides for a mandatory minimum term of imprisonment of twenty-five years.

¶ 5 At sentencing, the trial court declined to impose the twenty-five year minimum sentence mandated by section 9714(a)(2) because the bill of information did not contain "proper notice of a third strike rather than a second strike." Trial Court Opinion (T.C.O.), 12/31/01, at 2. Accordingly, pursuant to the "second strike" provision of section 9714(a)(1), the trial court sentenced Norris to ten to twenty years' imprisonment for aggravated assault, with concurrent terms of two and one-half to five years' imprisonment for PIC and six to twelve years' imprisonment for criminal conspiracy. The remaining convictions merged for sentencing purposes. The Commonwealth appeals the judgment of sentence.

¶ 6 The Commonwealth presents two issues for our review:

(1) Did the Commonwealth provide adequate notice of its intent to seek imposition of the mandatory minimum sentence for a third conviction for a violent felony?

(2) Was trial counsel ineffective for failing to advise defendant that he faced a possible sentence of 25 to 50 years imprisonment?

Commonwealth's brief at 3 (parentheticals omitted). We address these questions in the order presented.

■■ ¶ 7 The Commonwealth's challenge to the failure of the sentencing court to impose a mandatory sentence implicates the legality of the sentence. *See Com-*

*monwealth v. Edrington,* 780 A.2d 721, 723 (Pa.Super.2001). Accordingly, we must determine whether the trial court committed an error of law by imposing a sentence under the two strikes provision of section 9714(a)(1), instead of the three strikes provision of section 9714(a)(2). *See Commonwealth v. Vasquez,* 560 Pa. 381, 744 A.2d 1280, 1282 (2000). "Once a trial court has determined that the Commonwealth has established the requirements of a legislatively mandated sentence, the trial court has no discretion to deviate its sentence from that which is defined by statute." *Id.*

Section 9714 reads in full as follows:

§ 9714. Sentences for second and subsequent offenses

(a) Mandatory sentence.—

■■ (1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon a second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

(2) Where the person had at the time of the commission of the current offense previously been convicted of *two or more such crimes of violence arising from separate criminal transactions,* the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other stat-

ute to the contrary. *Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required.* Upon conviction for a third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole.

(a.1) Mandatory maximum.—An offender sentenced to a mandatory minimum sentence under this section shall be sentenced to a maximum sentence equal to twice the mandatory minimum sentence, notwithstanding 18 Pa.C.S. § 1103 (relating to sentence of imprisonment for felony) or any other provision of this title or other statute to the contrary.

(b), (c) Deleted by Acts 2000, Dec. 20, P.L. 811, No. 113, § 2, effective in 60 days.

(d) Proof at sentencing.—Provisions of this section shall not be an element of the crime *and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing.* The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section. Should a previous conviction be vacated and an acquittal or final discharge entered subsequent to imposition of sentence under this section, the offender shall have the right to petition the sentencing court for reconsideration of sentence if this section would not have been applicable except for the conviction which was vacated.

(e) Authority of court in sentencing.— *There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsections (a) and (a.1) or to place such offender on probation or to suspend sentence.* Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

(f) Appeal by Commonwealth.—If a sentencing court shall refuse to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. *The appellate court shall vacate the sentence and remand the case to the sentencing court for the imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.*

(g) Definition.—As used in this section, the term "crime of violence" means murder of the third degree, voluntary manslaughter, *aggravated assault* as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault), *rape*, involuntary deviate sexual intercourse, aggravated indecent assault, incest, sexual assault, arson as defined in 18 Pa.C.S. § 3301(a)

(relating to arson and related offenses), kidnapping, burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present, *robbery* as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), or robbery of a motor vehicle, or criminal attempt, criminal conspiracy or criminal solicitation to commit murder or any of the offenses listed above, or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction.

42 Pa.C.S. § 9714 (emphasis added). "It is evident that the purpose of section 9714 is to deter violent criminal acts by imposing harsher penalties on those who commit repeated crimes of violence." *Commonwealth v. Eddings*, 721 A.2d 1095, 1100 (Pa.Super.1998), *aff'd*, 565 Pa. 256, 772 A.2d 956 (2001). Subsection (e) clearly indicates that the sentencing court has no discretion to impose a lesser minimum sentence than that mandated by the applicable subsection, (a)(1) or (a)(2), as the case may be.

¶ 8 In the instant case, the trial court concluded that the Commonwealth's notice of its intent to seek a mandatory sentence under section 9714 was misleading and, therefore, refused to impose the three strikes provision of section 9714(a)(2). The trial court explained its decision as follows:

As noted, I believe that there was not just a failure to give notice of the intent to invoke the third strike, but what was given was misleading. My recollection of the evidence is that instead of notifying the defendant that he faced a "third strike" or referring to the second section of 42 Pa.C.S.A. § 9714 which talks about a person convicted of two or more prior crimes of violence, it only referred to the general statute. This could easily be interpreted to mean the one time before Norris was sentenced for a crime of violence.

Although he had two separate crimes, robbery and rape, occurring at two separate times, the sentences were before the same judge and they were concurrent. Thus it is easy to believe that this was considered one crime of violence, not two. It would have been easy for the Commonwealth to use plain English and tell Norris that he would be sentenced as someone who has "previously been convicted of two or more such crimes of violence arising from separate criminal transactions…" However, the Commonwealth did not do that. This is worse than not advising him at all, since it is subject to misinterpretation. Although the statute provides that failure to provide notice does not void the multiple offender section of the statute, providing misleading advice does.

T.C.O. at 3. Contrary to these conclusions, the Commonwealth argues that its notice was reasonable and not misleading and that the trial court's refusal to impose the applicable three strikes provision resulted in an illegal sentence. *See* Commonwealth's brief at 8.

¶ 9 "[W]here a statute requires the Commonwealth to provide notice of its intent to seek a statutorily defined, minimum sentence, trial courts cannot impose such a sentence without the requisite notice." *Vasquez*, 744 A.2d at 1283. The defendant in *Vasquez* (Vasquez) was convicted of the possession and sale of heroin. *Id.* at 1281. The sentencing court imposed a mandatory sentence of two to four years' imprisonment and a mandatory fine of $5,000 pursuant to 18 Pa.C.S. § 7508(a)(2)(i). *Id.* at 1282. Section 7508 provides for several mandatory sentences, such as that in subsection (a)(2)(i), which vary depending on

the weight of the controlled substance involved. Section 7508(b) contains language nearly identical to the notice provision of section 9714(d), *i.e.,*

> (b) Proof of sentencing.—Provisions of this section shall not be an element of the crime. *Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing.* The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

18 Pa.C.S. § 7508(b) (emphasis added). On appeal, Vasquez argued that the Commonwealth provided insufficient notice because it did not specifically indicate that it sought imposition of the mandatory $5,000 fine provided in subsection (a)(2)(i). In rejecting Vasquez's argument, we explained that the legislature intended that the Commonwealth "provide the courts and defendants with *general* notice of its intention to invoke the statutory provisions" and that "[w]hen the Commonwealth gives reasonable notice that it intends to invoke Section 7508, it provides notice of its intent to seek a punishment that *encapsulates all relevant provisions* set forth in that section." *Vasquez,* 744 A.2d at 1283 (emphasis added).

■ ¶ 10 In the instant case, the Commonwealth gave the following written notice to Norris and the court in the bill of information for the aggravated assault charge:

> Notice is hereby given that should defendant be convicted of aggravated as-

sault for having intentionally, knowingly or recklessly caused serious bodily injury to another under circumstances manifesting extreme indifference to the value of human life, the Commonwealth will proceed under 42 Pa.C.S. § 9714 (concerning sentences for second and subsequent offenses) and seek imposition of a mandatory sentence in accordance therewith.

Bill of Information, 9/20/99. Since the notice provision at issue in *Vasquez, i.e.,* section 7508(b), and the notice provision at issue in the instant case, *i.e.,* section 9714(d), contain essentially identical language, we hereby conclude, as we did in *Vasquez,* that the Commonwealth's notice, which invoked section 9714 generally, and without specifying whether it sought imposition of the two strikes provision of subsection (a)(1) or the three strikes provision of subsection (a)(2), constituted "reasonable notice" and was not misleading. The Commonwealth's notice is deemed to have "encapsulated all relevant provisions" of section 9714. *See Vasquez,* 744 A.2d at 1283. This conclusion makes sense in light of the remaining language of section 9714(d), which indicates that the applicability of section 9714 is to be *determined at the time of sentencing,* with the sentencing court having before it the benefit of a complete criminal record and determining, by a preponderance of the evidence, the defendant's previous convictions of violent crimes. 42 Pa.C.S. § 9714(d).

¶ 11 In other words, the plain language of section 9714(d) indicates that the sentencing court, by reviewing the defendant's criminal record at the time of sentencing, determines whether the defendant is subject to the two strikes provision of subsection (a)(1) or the three strikes provision of subsection (a)(2). If we were to require that the Commonwealth's pre-sentence notice specify the Commonwealth's intention

to seek a mandatory sentence under the two strikes or three strikes provision, most of section 9714(d) would be deemed surplusage. *See Commonwealth v. Tome,* 737 A.2d 1239, 1241 (Pa.Super.1999) ("[W]henever possible each word in a statutory provision is to be given meaning and not to be treated as surplusage."). Surely, the legislature did not intend such an absurd result whereby the sentencing court would essentially be divested of its role in determining the applicability of the relevant provision at the time of sentencing. *See Commonwealth v. Shamberger,* 788 A.2d 408, 416 (Pa.Super.2001) ("[T]he legislature is presumed, in drafting the statute, not to have intended a result which is absurd.").

■ ¶ 12 Moreover, the fact that the Commonwealth provided its notice in the bill of information, *i.e.,* prior to Norris's conviction for aggravated assault, does not render such notice insufficient, unreasonable, or misleading. Section 9714(d) indicates that "reasonable notice of the Commonwealth's intention to proceed under this section *shall* be provided *after conviction* and *before sentencing.*" 42 Pa.C.S. § 9714(d) (emphasis added). Although the notice in the bill of information was provided prior to conviction, rather than after conviction, the Commonwealth verbally indicated on the record at the sentencing hearing its intent to pursue a mandatory sentence under section 9714 and described the two prior convictions for violent crimes, *i.e.,* the 1991 robbery and 1992 rape, which would qualify the aggravated assault in the instant case as a third strike. N.T. Sentencing, 12/14/01, at 143–44. The sentencing transcript also reveals that the Commonwealth communicated its intent to proceed under section 9714 to defense counsel the day prior to the sentencing hearing. *Id.* at 150–51. Finally, as explained below, we are remanding with specific instructions that the sentencing court determine the applicability of section 9714 by a preponderance of the evidence in accordance with subsection (d), thereby placing this case in the procedural posture it existed after conviction and prior to sentencing. At this point, in light of our instructions on remand described below, Norris has notice, after his conviction and prior to sentencing, of the Commonwealth's intent to seek a mandatory sentence under section 9714. *See also Commonwealth v. Bell,* 537 Pa. 558, 645 A.2d 211, 218 (1994) (concluding defendant was not prejudiced by Commonwealth's technical failure to provide notice after conviction and before sentencing and, therefore, Commonwealth's notice given prior to trial was harmless error).

■ ¶ 13 Upon our review of the sentencing transcript, there is no indication that the sentencing judge had before him Norris's complete record of previous convictions. Without objection from defense counsel, the Commonwealth verbally informed the court of Norris's two prior convictions for robbery and rape, in 1991 and 1992, respectively. N.T. Sentencing, 12/14/01, at 143–144. The sentencing court questioned the Commonwealth regarding these two prior convictions by asking the Commonwealth about the sentences imposed. *Id.* Accordingly, it does not appear that the sentencing court had before it Norris's complete record of prior convictions. As previously noted, section 9714(d) describes the process by which the sentencing court is to determine applicability of a mandatory sentence under section 9714:

The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), *shall have a complete record of the previous convictions of the offender, copies of*

*which shall be furnished to the offender.* If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, *by a preponderance of the evidence,* the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section.

42 Pa.C.S. § 9714(d) (emphasis added). Upon remand, we direct the sentencing court to determine the applicability of section 9714 in accordance with subsection (d). It is essential that the sentencing court have before it Norris's complete record of previous convictions, that Norris be provided with the same, and that the sentencing court make a determination of Norris's previous convictions based on a preponderance of the evidence prior to determining the applicability of the mandatory sentencing provisions of section 9714. A verbal recitation by the Commonwealth of what it considers to be Norris's prior "strikes," without the court having the benefit of Norris's written record, is simply insufficient for purposes of section 9714(d).

¶ 14 Next, we address the Commonwealth's second issue, *i.e.,* "[w]as trial counsel ineffective for failing to advise defendant that he faced a possible sentence of 25 to 50 years imprisonment?" It is necessary to explain why the Commonwealth, who is the appellant, raises this question. The trial court denied Norris's motion for a new trial based on claims of ineffective assistance of counsel for allegedly coercing Norris into waiving his right to testify and waiving his right to a jury trial. T.C.O. at 2, 4. In its Pa.R.A.P. 1925(a) opinion, the trial court stated that Norris's "trial counsel never advised Norris that he faced a mandatory twenty-five to fifty years in jail" under the three strikes provision of section 9714(a)(2). *Id.* at 2. The trial court went on to opine that if, on appeal, this Court determines that the Commonwealth's notice was sufficient and if we, therefore, remand for imposition of a twenty-five to fifty year sentence under the three strikes provision of section 9714(a)(2), then Norris is entitled to a new trial because Norris's trial counsel should have informed Norris that he was facing such a sentence and, had Norris known this, Norris may not have waived his right to testify or waived his right to a jury trial. *Id.* Accordingly, the trial court described its denial of Norris's motion for a new trial based on these ineffectiveness claims as a "conditional denial." *Id.*

¶ 15 On the record before us, we cannot conclude one way or another, and we refuse to speculate on, whether trial counsel was ineffective for failing to inform Norris that he potentially faced a mandatory sentence under the three strikes provision of section 9714(a)(2) and whether such ineffectiveness colored Norris's decision to waive his right to testify or waive his right to a jury trial. *See Commonwealth v. Grant,* —— Pa. ——, ——, 813 A.2d 726, 737 (2002) (announcing general rule that claims of ineffective assistance of counsel first be raised in collateral proceedings). Moreover, Norris did not raise this particular issue; rather, it is the trial court that actually raises this issue *sua sponte* in its Pa.R.A.P.1925(a) opinion. As indicated above, we are remanding this case for re-sentencing in accordance with the procedures set forth in section 9714(d). If, after re-sentencing, Norris desires to raise an ineffectiveness of counsel claim on this basis, he will be free to do so.

¶ 16 Finally, we recognize that Norris filed a notice of appeal to his judg-

ment of sentence on December 20, 2001. Norris did not file a Pa.R.A.P.1925(b) statement, nor did the trial court order him to do so. On appeal, Norris submitted one brief, which merely provides responsive argument to the issues the Commonwealth raised in its appeal.[1] Since Norris has failed to raise or brief any new issues, his appeal is dismissed.

¶ 17 In appeal at 212 EDA 2002: Judgment of sentence vacated. Case remanded for proceedings consistent with this opinion.

¶ 18 In appeal at 662 EDA 2002: Appeal dismissed.

---

**1.** However, Norris did argue in his brief that the Commonwealth's appeal be quashed. We reject this argument, and we emphasize that the Commonwealth has a statutory *right* to appellate review of a sentencing court's refusal to apply the mandatory minimum sentence under section 9714. 42 Pa.C.S. § 9714(f).