J-S95028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER DUCKETT | |
| Appellant | No. 800 EDA 2016 |

Appeal from the PCRA Order February 9, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0505591-2005

BEFORE:  STABILE, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:                    **FILED MAY 23, 2017**

Christopher Duckett appeals *pro se* from the February 9, 2016 order entered in the Philadelphia County Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the factual and procedural history of this matter as follows:

> [Duckett] was arrested and charged with murder and related offenses in connection with the shooting death of Arthur Bines on June 24, 2004.

> On March 28, 2006, following a jury trial before the Honorable Jane Cutler Greenspan, [Duckett] was convicted of first degree murder, possession of an instrument of crime, and a violation of the Section 6106 of the Uniform

Firearms Act.[1]   Judge Greenspan thereafter sentenced [Duckett] to life imprisonment on the murder bill and concurrent terms of two-and-a-half (2 1/2) to five (5) years imprisonment on the remaining bills.  Post-sentence motions were denied by the trial court on July 5, 2006.

[Duckett] filed a direct appeal.   The Pennsylvania Superior Court affirmed [Duckett's] judgment of sentence on December 31, 2008.  ***Commonwealth v. Duckett***, No. 208 EDA 2008 (Pa. Super. Ct. Dec. 31, 2008).   The Pennsylvania Supreme Court denied [Duckett's] request for *allocator* on June 10, 2009.  ***Commonwealth v. Duckett***, No. 52 EAL 2009 (Pa. Jun. 10, 2009).

On May 11, 2010, [Duckett] filed a timely pro se PCRA petition alleging ineffective assistance of trial counsel.  The court subsequently appointed PCRA counsel.  Counsel filed an amended PCRA petition, and the Commonwealth filed a Motion to Dismiss.  On February 5, 2007, after reviewing the record and the pleadings, the Honorable Benjamin Lerner[2] dismissed the petition for lack of merit.  [Duckett] appealed.   On January 23, 2013, the Superior Court affirmed the dismissal of the PCRA petition. ***Commonwealth v. Duckett***, NO. 2155 EDA 2011 (Pa. Super. Ct. Jan. 23, 2013).   [Duckett] did not seek *allocator*.

> ² [Duckett's] case was administratively reassigned to the Honorable Benjamin Lerner following Judge Greenspan's retirement.

In April 2013, [Duckett] filed a second pro se PCRA petition.  On February 24, 2014, the PCRA court dismissed the petition as untimely.  [Duckett] filed an appeal, which was dismissed by the Superior Court for failure to file an appellate brief.  ***Commonwealth v. Duckett***, No. 855 EDA 2014 (Pa. Super. Ct. Dec. 11, 2014).

---

¹ 18 Pa.C.S. 18 Pa.C.S. §§ 2502, 907, and 6106(a)(1), respectively.

On or about October 22, 2015, [Duckett] filed a pro se Writ of Habeas Corpus Ad Subjiciendum[2] in the Philadelphia Court of Common Pleas – Civil Trial Division. On November 4, 2015, the Honorable Arnold New ordered the matter to be transferred to the Criminal Trial Division for disposition. On February 9, 2015 after reviewing the record and pleadings, Judge Lerner dismissed the petition as untimely. The instant appeal follows.[4]

[4] The Honorable Benjamin Lerner retired prior to [Duckett's] appeal. As a result, this court, acting in its supervisory capacity, has issued this Rule 1925(a) opinion.

Opinion, 5/16/16, at 1-3 (footnote omitted).

Duckett raises the following issues on appeal:

[1.] DID THE COURT OF COMMON PLEAS TRIAL JUDGE COMMIT AN[] ERROR OF LAW AND VIOLATE DUE PROCESS BY ALLOWING [DUCKETT] TO BE TRIED FOR 1st/ OR 2nd DEGREE MURDER, KNOWING THAT NO AUTHORITY UNDER STATU[T]E OR LAW EXIST, THAT WOULD ALLOW A JUDGE TO IMPOSE A SENTENCE OF LIFE IMPRISONMENT, PROHIBITING THE SENTENCE HEREIN, THEREIN VIOLATING [DUCKETT'S] LIBERTY INTEREST.

[2.] DID THE COURT OF COMMON PLEAS TRIAL JUDGE COMMIT AN[] ERROR OF LAW AND VIOLATE DUE PROCESS, KNOWING THAT PENNSYLVANIA'S

_____

[2] The PCRA court properly treated Duckett's writ of habeas corpus as a PCRA petition. **See** 42 Pa.C.S. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis."); **see also Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) ("The plain language of the statute above demonstrates quite clearly that the General Assembly intended that claims that could be brought under the PCRA must be brought under that Act. No other statutory or common law remedy 'for the same purpose' is intended to be available; instead, such remedies are explicitly 'encompassed' within the PCRA.").

- 3 -

[DEPARTMENT OF CORRECTIONS ("DOC")], HAS NO SENTENCING ORDER, THUS VIOLATING STATUTORY PROVISION[S] AT 37 PA. CODE § 91.3[;] 42 PA.C.S.A § 9764, 42 PA.C.S.A. § 9762, TITLE 42 PA.C.S.A §9764(a)(8)[.]

[3.] DID THE COURT OF COMMON PLEAS TRIAL [JUDGE] COMMIT AN[] ERROR OF LAW AND VIOLATE DUE PROCESS, KNOWING THAT THERE IS NO **STATUTORY AUTHORIZATION** FOR A SENTENCE, THEN THAT SENTENCE IS ILLEGAL AND MUST BE VACATED AS A MATTER OF LAW, AND THE SENTENCE IS SUBJECTED TO BE CORRECTED.

[4.] DID THE COURT OF COMMON PLEAS TRIAL COURT COMMIT AN[] ERROR OF LAW AND VIOLATE DUE PROCESS, BY KNOWINGLY NOT PROVIDING ADEQUATE NOTICE OF INTENT TO SEEK IMPOSITION FROM PROSECUTION, OF THE MANDATORY SENTENCE OF LIFE WITHOUT PAROLE IN THE INDICTMENT OF INFORMATION UDNER THE TWO APPLICABLE STATUTES: §9711 / §9715. . . COMMONWEALTH V. ERIC NORRIS, 2003 Pa. Super. 92; 819 A.2d 568; 2003 Pa. Super. Lexis 360 (Pa. 2003).

Duckett's Br. at 5-6 (emphasis and some alterations in original).

Our standard of review from the denial of PCRA relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011).

Before addressing the merits of Duckett's PCRA petition, we must first determine whether his petition was timely.[3]

---

[3] In his brief, Duckett argues that challenges to the legality of sentence cannot be waived. "[A]lthough illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." ***Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa.Super. 2013).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa.Super. 2015), *app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see Brown*, 111 A.3d at 175-76. In addition, when invoking an exception to the PCRA time bar, the petition

must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Duckett's judgment of sentence became final on September 8, 2009, when his time to seek review in the Supreme Court of the United States had expired.[4] He had one year from that date, that is, until September 8, 2010 to file a timely PCRA petition. Therefore, his current petition, filed on October 22, 2015, is facially untimely. Because Duckett failed to allege or prove any of the time-bar exceptions, we conclude that his petition was untimely, and the PCRA court lacked jurisdiction to entertain it.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2017

---

[4] Duckett had 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal to file a petition for a *writ of certiorari* with the Supreme Court of the United States. **See** U.S. S. Ct. R. 13.