J-S27027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH BROWN | : | |
| | : | |
| Appellant | : | No. 1929 EDA 2017 |

Appeal from the Judgment of Sentence June 14, 2013
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009702-2012

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.: Filed July 20, 2018

Joseph Brown appeals *nunc pro tunc* from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia, following his conviction for robbery – threat of immediate serious injury,[1] two violations of the Uniform Firearms Act ("VUFA"),[2] possession of an instrument of crime ("PIC"),[3] and conspiracy to commit robbery.[4] After review, we affirm Brown's conviction, vacate his judgment of sentence and remand for resentencing.

On May 18, 2012, Hayward Peak instructed Saria Peak ("Peak"), his sister, to deliver $1,400.00 to Joseph Ceborollo. Ceborollo met Peak outside

_____

[1] 18 Pa.C.S.A. § 3701(a)(i).

[2] 18 Pa.C.S.A. §§ 6106(a)(1), 6108.

[3] 18 Pa.C.S.A. § 907.

[4] 18 Pa.C.S.A. § 903.

of a local restaurant to take receipt of the $1,400.00; during the meeting, Ceborollo sat in the rear of Peak's vehicle. Moments after the meeting began, Brown approached the driver's-side window, brandished a firearm, and demanded Peak give him all of her possessions. Peak gave Brown various items, including the aforementioned $1,400.00.

Peak indicated to police that she suspected Ceborollo was complicit in the robbery. Peak was able to identify Brown from photos provided by police, and, later, police obtained a search warrant for his home based on Peak's identification. During the search of Brown's home, police arrested Brown and recovered three firearms and a purse containing Peak's social security card, driver's license and checkbook. Police also recovered Brown's cell phone and were able to confirm that he used it to contact Ceborollo at the time of the robbery.

In June 2012, while incarcerated awaiting trial, Brown offered another inmate $2,000.00 and a firearm as consideration for agreeing to "stop" Peak from coming to court proceedings. Prison phone line tapes recorded Brown planning this transaction with a friend on the outside, whom he instructed to obtain the $2,000.00. Following an investigation, the Commonwealth charged Brown with the additional crimes of criminal solicitation (murder) and conspiracy to commit murder.

On April 12, 2013, a jury convicted Brown of robbery, PIC, two VUFA violations and conspiracy to commit robbery, and it acquitted him of charges of criminal solicitation (murder) and conspiracy to commit murder. On June

- 2 -

14, 2013, the trial court imposed mandatory minimum sentences pursuant to 42 Pa.C.S.A. § 9712 and § 9714. Accordingly, the trial court sentenced Brown to concurrent sentences of 10 to 20 years' incarceration for robbery and conspiracy, and an aggregate term of four years' probation, consecutive to his confinement, for the VUFA charges.

On June 9, 2017, the trial court granted Brown's Post Conviction Relief Act[5] petition, finding that trial counsel was ineffective for failing to file an appeal, and reinstated his appellate rights *nunc pro tunc*. On June 16, 2017, Brown filed a timely notice of appeal *nunc pro tunc*. Brown and the trial court have both complied with Pa.R.A.P. 1925. On appeal, Brown raises the following issues:

1. Whether the verdict was against the weight of the evidence.

2. Whether the Court was in error in denying Brown's motion for [j]udgment of [a]cquittal.

3. Whether [Brown's] sentence was constitutionally unlawful.

4. Whether [Brown's] lack of notice from the Commonwealth that his case was a mandatory minimum sentencing case violated his constitutional right to due process at the sentencing hearing.

Brief of Appellant, at 7.

Brown first argues that the verdict was against the weight of the evidence where the Commonwealth failed to meet its burden of proof with respect to conspiracy to committ robbery. Brown has waived this claim.

---

[5] 42 Pa.C.S.A. §§ 9541-9546.

A defendant must present his challenge to the weight of the evidence to the trial court for a review in the first instance, in order to preserve the matter for appellate review. Pa.R.Crim.P. 607(A); *see Commonwealth v. Stiles*, 143 A.3d 968, 980 (Pa. Super. 2016). A claim challenging the weight of the evidence "shall be raised in a motion for new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A). Failure to preserve properly a weight of the evidence claim therefore will result in waiver. *Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009); *see Commonwealth v. Thompson*, 93 A.2d 478, 490-91 (Pa. Super. 2014).

Brown's failure to raise a weight claim at trial or in a post-sentence motion is fatal to our review. Brown failed to preserve this issue, and thus, it is waived on appeal. *Sherwood*, *supra*.

Brown next claims that the trial court erred in denying his motion for judgment of acquittal as it related, specifically, to his conspiracy – murder charge. However, because the jury did not find him guilty of this crime, his issue is moot.[6]

_____

[6] Even if this claim were not moot, Brown would not be entitled to relief. The Commonwealth presented evidence that Brown attempted to arrange for his brother to provide his co-conspirator with $2,000.00 and a firearm as consideration for murdering Peak. The evidence of a conspiracy, viewed in a light most favorable to the Commonwealth, was sufficient to allow the jury to determine Brown's guilt. *See Commonwealth v. Clark*, 746 A.2d 1128, 1137 (Pa. Super. 2000) ("Where the conduct of the parties indicates they were

Brown next argues the trial court sentenced him pursuant to the mandatory minimum sentencing scheme set forth in 42 Pa.C.S.A. § 9712, and thus, his sentence is illegal.[7] We agree.

> Generally, a challenge to the application of a mandatory minimum sentence is a non-waivable challenge to the legality of the sentence. Issues relating to the legality of sentence are questions of law, as are claims raising a court's interpretation of a statute. Our standard of review over such questions is *de novo* and our scope of review is plenary.

*Commonwealth v. Hawkins*, 45 A.3d 1123, 1130 (Pa. Super. 2012), quoting *Commonwealth v. Brougher*, 978 A2d 373, 377 (Pa. Super. 2009).

Mandatory minimum sentencing statutes that do not pertain to prior convictions are constitutionally infirm insofar as they permit a judge to increase automatically a defendant's sentence based on a preponderance of the evidence standard. *Commonwealth v. Valentine*, 101 A.3d 801, 804 (Pa. Super. 2014). *Valentine* applies *Alleyne v. United States*, 570 U.S. 99 (2013), in which the Supreme Court of the United States held:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Id.* at 103.

---

acting in concert with a corrupt purpose in view, the existence of a conspiracy may be properly inferred).

[7] The trial court concedes Brown's sentence is illegal. ***See generally*** Trial Court Opinion, 9/20/17, at 8-9.

In ***Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014), we declared 42 Pa.C.S.A. § 9712.1 wholly unconstitutional. ***Id.*** at 98 (statute permitting trial court to increase defendant's minimum sentence based upon preponderance of evidence that defendant was dealing drugs and possessed firearm violated defendant's right to jury trial; possession of firearm must be pleaded in indictment, and must be found by jury beyond reasonable doubt before defendant may be subjected to increase in minimum sentence). ***Valentine*** extends ***Newman*** to section 9712, which the trial court applied to Brown's sentence; and thus, it is wholly unconstitutional. Therefore, we must vacate Brown's judgment of sentence and remand his case for re-imposition of sentence without consideration of any mandatory minimum provided by section 9712.[8]

---

[8] The trial court imposed Brown's sentence pursuant to sections 9712 *and* 9714. Although section 9712 is wholly unconstitutional, section 9714 is not. Section 9714 states, in relevant part, as follows:

> Any person who is **convicted** in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.

42 Pa.C.S.A. 9714(a)(1) (emphasis added). Unlike section 9712, the section 9714 sentencing enhancement requires the Commonwealth to show a court previously convicted a defendant of a violent crime beyond a reasonable doubt, and thus, it does not run afoul of ***Alleyne*** or ***Valentine***.

Instantly, Brown's illegal sentence runs concurrent with his lawful sentence imposed pursuant to section 9714; the concurrent sentences are

Last, Brown claims he never received notice from the Commonwealth, after his conviction and prior to sentencing, that his case was subject to a mandatory minimum sentencing statute. However, our remand of Brown's case to the trial court for resentencing renders this issue moot. Therefore, we decline to address Brown's notice issue on appeal.[9]

_____

identical. Thus, it is conceivable that further proceedings consistent with the dictates of this memorandum will yield, in effect, the same sentence he is serving (i.e., 10 to 20 years' imprisonment). Nevertheless, this Court's decision in **Valentine** constrains us to vacate Brown's sentence. Justice demands that we do not permit courts to impose illegal sentences, even where convenience, fairness or pragmatism merits it.

[9] The sentencing court, by reviewing a defendant's criminal record at the time of sentencing, determines whether (or to what extent) a defendant is subject to section 9714's sentencing provisions. **See** 42 P.S.C.A. 9714(d) ("The applicability of [section 9714] shall be determined at sentencing."). If we were to require the Commonwealth's pre-sentence notice specify a particular provision of section 9714 (i.e. 9714(a)(1) or 9714(a)(2)), it would effectively divest the sentencing court of its role in determining the applicability of the relevant provision at the time of sentencing. **See Commonwealth v. Norris**, 819 A.2d 568 (Pa. Super. 2003). In other words, so long as the Commonwealth's pre-sentence notice invokes the *all* relevant provisions of section 9714, such notice is reasonable and not misleading. **Id.**

Instantly, the trial court concedes that there is no indication in the record that the Commonwealth did or did not provide Brown pre-sentence notice of its intent to pursue a sentence under sections 9712 and 9714. Trial Court Opinion, 9/10/17, at 10. Therefore, in anticipation of further proceedings, we advise the Commonwealth provide Brown notice of any subsequent intent to pursue a sentence under 9714, which, at a bare minimum, invokes all relevant provisions of section 9714. Such notice is sufficient in light of section 9714(d). A better practice, though not a requirement, **Norris**, **supra**, would be for the Commonwealth to provide pre-sentence notice identifying the specific provision of section 9714 it plans to pursue a sentence under.

Judgment of sentence vacated. Case remanded for proceedings not inconsistent with the dictates of the memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/20/2018