J-S56024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TROY WILSON | : | |
| | : | |
| Appellant | : | No. 2749 EDA 2018 |

Appeal from the PCRA Order Entered August 24, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004769-2011

BEFORE:  PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 09, 2019**

Appellant, Troy Wilson, appeals *pro se* from an order entered on August 24, 2018, which dismissed his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On May 1, 2013, Appellant's trial commenced, *in absentia*.  On May 7, 2013, Appellant appeared and pled guilty to robbery and aggravated assault. PCRA Court Opinion, 12/20/18, at 2.  Three days later, on May 10, 2013, Appellant filed a motion to withdraw his guilty plea.  **Id.**  Ultimately, on July 23, 2013, the trial court denied Appellant's motion and sentenced him "to an aggregate term of 12½ to 25 years['] state incarceration."  **Id.**  Appellant then filed a post-sentence motion requesting to withdraw his guilty plea, which the trial court denied on September 17, 2013.  **Id.**  This Court affirmed Appellant's judgment of sentence on April 1, 2015.  **Commonwealth v. Wilson**, \_\_A.2d\_\_, 2749 EDA 2013 (Pa. Super. 2015) (unpublished memorandum), at

1-7 (citation omitted). Our Supreme Court subsequently denied *allocatur*. ***Commonwealth v. Wilson***, 126 A.3d 1285 (Pa. 2015).

On November 19, 2015, Appellant filed the current PCRA petition. Appellant's PCRA Petition, 11/19/15, at 1-10. In his petition, Appellant asserted that, (1) his guilty plea was not entered into knowingly or intelligently, (2) trial counsel was ineffective, and (3) his sentence was illegal pursuant to ***Alleyne v. United States***, 570 U.S. 99 (2013). ***Id.*** Counsel was subsequently appointed on June 17, 2016. On March 1, 2017, referring only to Appellant's ***Alleyne*** claim, court-appointed counsel filed a motion to withdraw and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Counsel's motion to withdraw, however, "did not address [Appellant's] other issues." PCRA Court Opinion, 12/20/18, at 2.

On March 10, 2017, Appellant filed a motion to proceed *pro se* and requested a ***Grazier*** hearing. Appellant's Motion Requesting a ***Grazier*** Hearing, 5/4/18, at 1-2; ***see also Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). On April 18, 2017, the PCRA court provided Appellant with notice that it intended to dismiss his PCRA petition in 20 days without holding a hearing in view of counsel's ***Turner/Finley*** letter. PCRA Court Order, 4/18/17, at 1; ***see also*** Pa.R.Crim.P. 907(1). On May 5, 2017, however, court-appointed counsel filed an amended PCRA petition on Appellant's behalf. Appellant's Amended PCRA Petition, 5/5/17, at 1-3.

On June 28, 2017, Appellant filed a second motion to proceed *pro se* and again requested a **Grazier** hearing. Appellant's Motion Requesting a **Grazier** Hearing, 6/28/17, at 1-3. The court entered an order granting Appellant's request on July 21, 2017. PCRA Court Order, 7/27/17, at 1. A **Grazier** hearing was held on October 5, 2017, during which Appellant decided to proceed with counsel. Thereafter, on July 24, 2018, the PCRA court provided Appellant with notice that it intended to dismiss his PCRA petition for lack of merit in 20 days without holding a hearing. PCRA Court Order, 7/24/18, at 1; **see also** Pa.R.Crim.P. 907(1). Appellant filed a *pro se* response on August 1, 2018. PCRA Court Opinion, 12/20/18, at 3. The PCRA court dismissed Appellant's petition on August 24, 2018. PCRA Court Order, 8/24/18, at 1.

Appellant filed a *pro se* notice of appeal on September 7, 2018. Appellant's *Pro Se* Notice of Appeal, 9/7/18, at 1-3. On September 24, 2018, however, court-appointed counsel also filed a notice of appeal. Appellant's Counseled Notice of Appeal, 9/24/18, at 1. On December 20, 2018, this Court issued a rule to show cause why Appellant's *pro se* notice of appeal should not be dismissed as duplicative. Rule to Show Cause, 12/20/18, at 1. Appellant failed to file a response. Therefore, on February 21, 2019, this Court remanded the case so the PCRA court could conduct a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). Order, 2/21/19, at 1. On May 7, 2019, the PCRA court granted Appellant permission to proceed *pro se*, and on June 26, 2019, Appellant's counseled notice of appeal was

dismissed as duplicative. An order filed on August 6, 2019 referred this matter for panel review of the merits.

Appellant raises the following issues on appeal:[1]

    I.    Whether the PCRA court erred in denying Appellant relief on his claim that his guilty plea was not entered knowingly or voluntarily?

    II.    Whether counsel was ineffective for failing to object to the Commonwealth's failure to provide notice that it intended to pursue a mandatory minimum sentence pursuant to 42 Pa. C.S.A. § 9714?

***See generally*** Appellant's Brief at 3.

"When reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to determining whether the evidence or record supports the determination of the PCRA court and whether the ruling is free of legal error." ***Commonwealth v. Rachak***, 62 A.3d 389, 391 (Pa. Super. 2012), *citing* ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. ***Rachak***, 62 A.3d at 391, *citing* ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003).

Appellant's first issue asserts that his guilty plea was not "knowing or voluntary" because he did not have notice, "prior to sentencing, that the [C]ommonwealth would proceed under 42 Pa. C.S.A. § 9714, the mandatory

---

[1] We have simplified and re-ordered Appellant's issues for ease of discussion. ***See*** Appellant's Brief at 3.

minimum penalty provision for being a second strike offender." Appellant's Brief at 16. Upon review, however, we conclude that Appellant waived this claim because it could have been raised on direct appeal, but was not.[2] **See** 42 Pa.C.S.A. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding"); **Commonwealth v. Price**, 876 A.2d 988, 992-993 (Pa. Super. 2005) (same), *appeal denied*, 897 A.2d 1184 (Pa. 2006), *cert. denied*, 549 U.S. 902 (2006).

Next, Appellant's second issue raises a claim asserting counsel's ineffectiveness. Specifically, he asserts that counsel was ineffective for failing to object to the Commonwealth's failure to give him notice of its intent to pursue a mandatory minimum sentence under 42 Pa. C.S.A. § 9714. Appellant's Brief at 7. This argument lacks merit.

"[T]he Sixth Amendment to the United States Constitution and Article I, [Section] 9 of the Pennsylvania Constitution, [entitle a defendant] to effective counsel. This right is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Commonwealth v. Simpson**, 112 A.3d 1194, 1197 (Pa. 2015) (cleaned up). "A criminal defendant has the

---

[2] Although on direct appeal Appellant challenged the trial court's denial of his motion to withdraw his guilty plea, the only basis for this challenge was his profession of innocence. **Commonwealth v. Wilson**, ___ A.2d ___, 2749 EDA 2013 at p. 6. As this court noted in its earlier memorandum, "Appellant [did] not challenge that his plea was not knowingly, intelligently or voluntarily entered." **Id.**

right to effective counsel during a plea process as well as during a trial." ***Commonwealth v. Robinson***, 185 A.3d 1055, 1063 (Pa. Super. 2018), *appeal denied*, 192 A.3d 1105 (Pa. 2018) (citation omitted). However, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as the basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Id***. Moreover, "[c]ounsel is presumed to have been effective." ***Commonwealth v. Andrews***, 158 A.3d 1260, 1263 (Pa. Super. 2017). To prevail on an ineffective assistance of counsel claim, a petitioner must plead and prove that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Johnson***, 179 A.3d 1153, 1158 (Pa. Super. 2018) (citation omitted). "A petitioner's failure to satisfy any prong of this test is fatal to the claim." ***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018) (citation omitted).

Section 9714 reads, in relevant part, as follows:

(a) **Mandatory sentence**.--

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon a second

conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

42 Pa.C.S.A. § 9714(a)(1). Importantly, to proceed under Section 9714(a)(1), the Commonwealth must provide the defendant with notice. 42 Pa. C.S.A. § 9714(d). The statute, however, does not require the Commonwealth to give notice in a specific manner or at a specific time. Instead, it merely requires the Commonwealth to provide "reasonable notice . . . after conviction and before sentencing." *Id.* Previously, in *Commonwealth v. Norris*, 819 A.2d 568 (Pa. Super. 2003), this Court determined whether the Commonwealth did, in fact, provide adequate notice pursuant to Section 9714. Ultimately, we concluded that the Commonwealth provided reasonable notice by: (1) giving written notice in the bill of information stating that, if convicted, it would seek a mandatory minimum sentence under Section 9714, (2) "verbally indicating on the record at the sentencing hearing its intent to pursue a mandatory sentence under [S]ection 9714, and (3) communicating "its intent to proceed under [S]ection 9714 to defense counsel the day prior to the sentencing hearing." *Id.* at 575.

Contrary to Appellant's claim, the Commonwealth provided adequate notice under Section 9714. First, on May 11, 2011, the bill of information was filed and specifically stated that "the Commonwealth intends to proceed under 42 Pa.C.S.[A.] § 9714 (relating to sentences for second and subsequent offenses)." Bill of Information, 5/11/11, at 1. Second, the Commonwealth,

at sentencing, confirmed that it advised Appellant's counsel that it intended to pursue a mandatory minimum under Section 9714 before Appellant agreed to enter his guilty plea. Specifically, the Commonwealth stated the following:

> On Tuesday morning, [Appellant] walked into the courtroom, right in this hallway on the right side of my table, announced his presence and spoke with his attorney. At which there was indication that it was to be a guilty plea. A possible guilty plea. At which time, I advised [defense counsel], please, do remember, this is a second strike case you [are] talking about. And I [will] not take that off the table. It [is] 10 to 20 minimum that we [are] talking. Please advise your client that it [is] still on. [Defense counsel] went back into the room and spoke to [Appellant], who came back and said I [am] pleading guilty.

N.T. Sentencing Hearing, 7/23/13, at 11. Lastly, at Appellant's sentencing hearing, the Commonwealth made an oral correction to his PSI report. *Id.* at 31-33. In doing so, the Commonwealth stated that prior to sentencing, the Commonwealth and defense counsel researched – together – Appellant's prior criminal history and discovered, and thereafter, agreed, that he would only be subject to the "second strike" provision of Section 9714(a)(1). *Id.* Accordingly, Appellant's claim that the Commonwealth failed to provide adequate notice fails for lack of merit. For the forgoing reasons, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/19