509 A.2d 394

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Michael CAMPBELL, Appellant.**

Superior Court of Pennsylvania.

Argued March 12, 1986.

Filed May 19, 1986.

Howard H. Brown, Chester, for appellant.

Sandra L. Elias, Deputy District Attorney, Media, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and POPOVICH, JJ.

WIEAND, Judge:

On the evening of January 21, 1984, John Maletsky stopped his automobile, in which his four year old daughter was a passenger, for a stoplight at the intersection of Kerlin Street and the exit ramp from I–95 in the City of Chester. While the vehicle was stopped at the light, two black males approached, shot Maletsky, pulled him from the car and shot him again. Dean Campbell was one of the assailants. His brother Michael, who is the present appellant, entered the Maletsky vehicle and drove away with the child in the front seat. After driving approximately two blocks, the vehicle became immobilized by ice on the road surface. Mrs. Maletsky, who had been following her husband in another car, observed her husband but did not see either her husband's car or her daughter. Maletsky said "they took my child" and pointed in the direction in which the car had been driven. At that point, Dean Campbell grabbed Mrs. Maletsky's purse, pulled a gun and escaped. Mrs. Maletsky ran to her husband's immobilized vehicle. As she approached, she observed Michael Campbell, the appellant, trying to move the car from the ice. He was then wearing a red cap. He fled when Mrs. Maletsky arrived at the car. However, his fingerprints were found on the car. John Maletsky later died as a result of gunshot wounds.

Michael Campbell was tried by jury and was found guilty of robbery, murder of the second degree, kidnapping, criminal conspiracy and various lesser offenses arising from the same incident. Post-verdict motions were denied, and sentence was imposed. On direct appeal, Michael Campbell contends (1) that the evidence was insufficient to sustain convictions for murder, conspiracy and kidnapping and (2) that the trial court erred in excluding a statement made by

his brother, Dean, which exculpated appellant with respect to the shooting.

In reviewing the sufficiency of the evidence, we view the evidence presented and all reasonable inferences therefrom in the light most favorable to the Commonwealth as verdict winner. The test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Madison*, 501 Pa. 485, 490, 462 A.2d 228, 231 (1983); *Commonwealth v. Shaver*, 501 Pa. 167, 169, 460 A.2d 742, 743 (1983); *Commonwealth v. Taylor*, 324 Pa.Super. 420, 424, 471 A.2d 1228, 1229 (1984).

"[A] common understanding or agreement is the heart of every conspiracy. *Commonwealth v. Waters*, 463 Pa. 465, 471, 345 A.2d 613, 616 (1975). As stated, however, in *Commonwealth v. Strantz*, 328 Pa. 33, 43, 195 A. 75, 80 (1937), 'An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities.' A conspiracy may be proven inferentially by showing the relation, conduct, or circumstances of the parties, and the overt acts of alleged co-conspirators are competent as proof that a criminal confederation has in fact been formed. *Commonwealth v. Eiland*, 450 Pa. 566, 570, 301 A.2d 651, 652 (1973)." *Commonwealth v. Kennedy*, 499 Pa. 389, 395, 453 A.2d 927, 929–930 (1982). See also: *Commonwealth v. Robinson*, 351 Pa.Super. 309, 316, 505 A.2d 997, 1000 (1986); *Commonwealth v. Brown*, 351 Pa.Super. 119, 122–123, 505 A.2d 295, 296 (1986); *Commonwealth v. Hart*, 348 Pa.Super. 117, 124, 501 A.2d 675, 678 (1985); *Commonwealth v. Mills*, 332 Pa.Super. 75, 81, 480 A.2d 1192, 1195 (1984); *Commonwealth v. Hurlbert*, 329 Pa.Super. 119, 125–126, 477 A.2d 1382, 1385 (1984); *Commonwealth v. Gordon*, 329 Pa.Super. 42, 52, 477 A.2d 1342, 1347 (1984).

■ In addition to evidence of the conduct of the participants at the time when Maletsky was pulled from his car and shot, the Commonwealth showed that immediately prior thereto, Dean Campbell and a black male wearing a red or

burgundy cap had approached another vehicle at the same intersection. Fearful of an encounter with the men, the driver of that car had driven through the red light and escaped. Mrs. Maletsky's testimony was that appellant had been wearing a red knit cap while he was trying to move the Maletsky vehicle from the ice. From all of this evidence, the jury could infer that Dean and Michael Campbell had been acting in concert in attempting to rob John Maletsky, a passing motorist.

■ The jury could also find that the shooting was committed in furtherance of the conspiracy to rob. "No principle of law is more firmly established that when two or more persons conspire or combine with one another to commit an unlawful act, each is criminally responsible for the acts of his associate or confederate committed in furtherance of the common design." *Commonwealth v. Strantz, supra* 328 Pa. at 40, 195 A. at 79. In discussing conspiratorial accountability for a criminal act, the Supreme Court has said:

> When there is evidence that one, who has not struck the fatal blow, has, nonetheless, shared in the criminal intent and the criminal activity, that person has aided and abetted in the commission of the crime and, thus, may be held responsible as an accomplice to another's acts and the consequences of those acts. *Commonwealth v. Rife,* 454 Pa. 506, 312 A.2d 406 (1973); *Commonwealth v. Wilson,* 449 Pa. 235, 296 A.2d 719 (1972); *Commonwealth v. Lowry,* 374 Pa. 594, 98 A.2d 733 (1953).

*Commonwealth v. Vaughn,* 459 Pa. 35, 39–40, 326 A.2d 393, 395 (1974). See also: *Commonwealth v. Jackson,* 506 Pa. 469, 485 A.2d 1102 (1984); *Commonwealth v. Roux,* 465 Pa. 482, 350 A.2d 867 (1976). The jury could properly find that appellant was criminally responsible for the shooting death of John Maletsky even though the death-dealing bullets had been fired by appellant's brother. See: *Commonwealth v. Johnson,* 336 Pa.Super. 1, 485 A.2d 397 (1984).

■ The crime of kidnapping is defined at 18 Pa.C.S. § 2901 as follows:

(a) Offense defined.—A person is guilty of kidnapping if he unlawfully removes another a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines another for a substantial period in a place of isolation, with any of the following intentions:

(1) To hold for ransom or reward, or as a shield or hostage.

(2) To facilitate commission of any felony or flight thereafter.

(3) To inflict bodily injury on or to terrorize the victim or another.

(4) To interfere with the performance by public officials of any governmental or political function.

Appellant focuses on the statutory language that a victim be removed "a substantial distance" and argues that since he did not remove the Maletsky child a substantial distance, he should not have been found guilty of kidnapping.

In *Commonwealth v. Hughes*, 264 Pa.Super. 118, 399 A.2d 694 (1979), this Court considered the language of the statute and concluded that it was not intended to refer to "a given linear distance." *Id.*, 264 Pa.Superior Ct. at 122, 399 A.2d at 696. Considering similar statutory language, the Supreme Court of New Jersey concluded that a "sensible interpretation is one that views a substantial distance as one that isolates the victim and exposes him or her to increased risk of harm." *State v. Masino*, 94 N.J. 436, 446, 466 A.2d 955, 960–961 (1983). We agree.

The victim in the instant case, a four year old child, was seated in the vehicle being driven by her father when the father was pulled from his car and shot. When appellant entered the car and drove away, the child was crying for her father. The child's mother shortly thereafter pursued the vehicle on foot. She was able to retrieve her daughter only because the vehicle had become immobilized on ice. A jury could find under these circumstances that appellant, despite the fact that he had removed his victim only several blocks, had isolated the child in a different environmental

setting and had exposed her to a different and increased risk of harm.

Appellant testified at trial that he had not meant any harm to the child and was merely attempting to remove the child from the zone of danger created by appellant's brother who had been doing the shooting. However, the jury could accept all, part or none of this explanation. *Commonwealth v. Guest*, 500 Pa. 393, 396, 456 A.2d 1345, 1347 (1983); *Commonwealth v. Croll*, 331 Pa.Super. 107, 117, 480 A.2d 266, 271 (1984); *Commonwealth v. Newman*, 310 Pa.Super. 493, 496, 456 A.2d 1044, 1045 (1983).

■ After the shooting, appellant and his brother fled to Louisiana. When Dean Campbell was apprehended, he gave a taped confession in which he admitted the shooting and attempted to exonerate his brother Michael. At trial, Michael's attempt to use the statement made by his brother was met by a Commonwealth objection, which was sustained by the trial court.[1] On appeal, the trial court's evidentiary ruling is assigned as error. Appellant contends that his brother's statement was a declaration against penal interest and, therefore, admissible as an exception to the hearsay, exclusionary rule.

The law is clear, however, that "those portions of a statement made by an out of court declarant which are not inculpatory, such as statements that another person was not guilty of the crime, are not 'declarations against penal interest' and are not admissible under [the] hearsay rule exception." *Commonwealth v. Brinkley*, 505 Pa. 442, 453–454, 480 A.2d 980, 986 (1984); *Commonwealth v. Anderson*, 501 Pa. 275, 289, 461 A.2d 208, 214–215 (1983); *Commonwealth v. Colon*, 461 Pa. 577, 583–585, 337 A.2d 554, 557–558 (1975), *cert. denied*, 423 U.S. 1056, 96 S.Ct. 788, 46 L.Ed.2d 645 (1976). The trial court did not err when it refused to allow into evidence the hearsay statement by

---

1. Dean Campbell refused to testify on Fifth Amendment grounds that his testimony would be self-incriminating.

Dean Campbell that his brother, the appellant, was not involved in the robbery and shooting of John Maletsky.

The judgment of sentence is affirmed.