J-A06010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
    :     PENNSYLVANIA
             Appellant     :
    :
    :
             v.     :
    :
    :
RAYMOND RODRIGUEZ     :     No. 2379 EDA 2023

Appeal from the Order Entered September 5, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000407-2023

BEFORE:    PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:        **FILED MARCH 24, 2025**

The Commonwealth appeals from the order entered September 5, 2023, denying the Commonwealth's motion to refile charges against Raymond Rodriguez. The Commonwealth asserts it established a *prima facie* case against Rodriguez for the charges of aggravated assault, simple assault, recklessly endangering another person ("REAP"), kidnapping, strangulation, unlawful restraint, possessing instruments of crime ("PIC"), terroristic threats, and false imprisonment.[1] After careful review, we reverse and remand for proceedings consistent with this memorandum.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2701(a)(1), 2705, 2901(a)(1), 2718(a)(1), 2902(a)(1), 907(a), 2706(a)(1), and 2903, respectively.

We glean the following factual and procedural history from the record. Rodriguez was charged with person not to possess firearms, firearms not to be carried without a license, carrying firearms on public streets or public property in Philadelphia, aggravated assault, simple assault, REAP, kidnapping, strangulation, unlawful restraint, PIC, terroristic threats, and false imprisonment[2] on October 20, 2022 for events that occurred on October 19, 2022. The offenses stemmed from a domestic incident with Catherine Haldeman ("Victim").

Victim told police Rodriguez, her fiancé with whom she lived, was hearing voices and hitting her, so she went to her mother's house. While she was there, Rodriguez arrived and was sitting outside. Victim explained they talked on the phone and Rodriguez wanted her to go back to their house. She agreed, only if Rodriguez agreed to get help. Victim then explained she went outside into the yard with her mother's dogs. Rodriguez approached her in the yard. Victim said they were talking, and Rodriguez became agitated and grabbed Victim by her hair and hoodie. Victim fell to the ground and started screaming. Rodriguez grabbed Victim by the neck and started choking her and then dragged her by her hair to his car.

_____

[2] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), 6108, 2702(a)(1), 2701(a)(1), 2705, 2901(a)(1), 2718(a)(1), 2902(a)(1), 907(a), 2706(a)(1), and 2903, respectively.

Victim observed her mother come outside and open the car door, but Rodriguez drove away with Victim still in the car. While driving, Rodriguez pulled out a firearm and hit Victim in the knee with it. Rodriguez told Victim to call her mother and inform her mother that if she calls police, he will kill her (the Victim). As soon as the car stopped near their home, police arrived. Victim told police Rodriguez hid the firearm under the driver's seat.

Police recovered the firearm, arrested Rodriguez, interviewed Victim, and filed the above noted charges. A preliminary hearing was held on January 17, 2023. At the hearing, Victim recanted her statement to police. The Commonwealth presented Officer David Makovsky, who testified to pulling up behind Rodriguez's vehicle, arresting him, and locating the firearm. The municipal court held all firearms charges for court but dismissed the remaining charges for lack of evidence.

The Commonwealth filed a notice of refiling of criminal complaint on February 3, 2023, requesting to reinstate the dismissed charges. A second preliminary hearing was held on September 5, 2023, in the Court of Common Pleas. The Commonwealth admitted the transcription of the first preliminary hearing held on January 17, 2023, as an exhibit and presented Detective Michael Kropilak as a witness. Detective Kropilak testified he interviewed Victim on October 19, 2022, regarding the domestic incident. Detective Kropilak identified the statement provided by Victim. Detective Kropilak noted Victim signed and dated each page of the statement in his presence after she

reviewed the statement. Detective Kropilak was permitted to read the statement into the record. The Commonwealth moved to admit the statement as substantive evidence. Rodriguez objected. After a recess, the trial court denied the admission of the statement and denied the Commonwealth's motion to refile. The Commonwealth filed a timely appeal and complied with the trial court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b). In a letter in lieu of opinion, the trial court requested this Court to remand the case as it believed it erred in denying admission of the statement and would have reinstated the charges of PIC, terroristic threats, simple assault, and false imprisonment. Letter in Lieu of Trial Court Opinion, 3/13/24, at 2.

The Commonwealth raises the following three issues for our review:

I. Did the [trial court] err in denying the Commonwealth's motion to refile charges — specifically, aggravated assault, recklessly endangering another person, kidnapping, strangulation, and unlawful restraint — where the Commonwealth presented evidence sufficient to establish a *prima facie* case for all charges?

II. Did the [trial court] correctly decide[] that it should have reinstated the Commonwealth's charges of possessing an instrument of crime, false imprisonment, simple assault, and terroristic threats?

III. Did the [trial court] err in denying the motion to refile on grounds that the Commonwealth's case was purportedly based on inadmissible "hearsay," where the prior inconsistent statements in question were in fact admissible as substantive evidence?

Appellant's Brief, at 4 (trial court answers omitted).

Before we turn to the merits of the Commonwealth's issues, we must first address Rodriguez's claim the trial court, and hence this Court, lacks

jurisdiction to hear the matter. *See* Appellee's Brief, at 12-15. Rodriguez asserts the trial court lacked jurisdiction to hear the refile motion, as only the municipal court has jurisdiction to hear preliminary hearings in Philadelphia. *See* Appellee's Brief, at 12-13; Pa.R.Crim.P. 1000(A). Rodriguez argues the Commonwealth failed to comply with Rule 544 in refiling the charges and therefore, the entire refile hearing was a nullity and the charges remain dismissed. *See* Appellee's Brief, at 14-15; Pa.R.Crim.P. 544. We disagree.

> Rule 544 provides:
>
> (A) When charges are dismissed or withdrawn at, or prior to, a preliminary hearing … the attorney for the Commonwealth may reinstitute the charges by approving, in writing, the re-filing of a complaint with the issuing authority who dismissed or permitted the withdrawal of the charges.
>
> (B) Following the re-filing of a complaint pursuant to paragraph (A), if the attorney for the Commonwealth determines that the preliminary hearing should be conducted by a different issuing authority, the attorney shall file a Rule 132 motion with the clerk of courts requesting that the president judge, or a judge designated by the president judge, assign a different issuing authority to conduct the preliminary hearing. The motion shall set forth the reasons for requesting a different issuing authority.

Pa.R.Crim.P. 544.

After the charges were dismissed at the preliminary hearing, the Commonwealth filed a notice of refiling of criminal complaint on February 3, 2023. The record provided to this Court does not include any reference of this notice being filed with the issuing authority. However, it is clear after this notice was filed that the refile preliminary hearing was held in front of the Honorable John Padova of the Court of Common Pleas of Philadelphia County.

However, the process utilized here complies with Philadelphia's local rules. Specifically, local rule 529(E) provides the Commonwealth may re-arrest a defendant following the dismissal of charges. **See** Phila.Crim.P. 529(E). "When a re-arrest is taken in the nature of an appeal by the Commonwealth from an earlier dismissal, the Judge assigned to the Common Pleas Court Motion Court shall hold the Preliminary Arraignment. The Preliminary Hearing shall likewise be scheduled in the Court of Common Pleas as provided in Pa.R.Crim.P. 544." Phila.Crim.P. 529(E). The notice of refiling of criminal complaint filed by the Commonwealth here complies with local rule 529(E). We therefore find Rodriguez's claim fails and our jurisdiction is not hampered.[3]

Turning to the Commonwealth's issues, we begin with the applicable standard of review:

> It is well-settled that the evidentiary sufficiency of the Commonwealth's *prima facie* case is a question of law to which this Court's review is plenary. The trial court is afforded no discretion in deciding whether, as a matter of law and in light of the facts presented to it, the Commonwealth has carried its burden to make out the elements of a charged crime.

> As our Supreme Court explained:

>> at the preliminary hearing stage of a criminal prosecution, the Commonwealth need not prove the

---

[3] We note that even if this procedure violated Rule 544, Rodriguez would not be entitled to relief. **See Commonwealth v. Pettersen**, 49 A.3d 903, 911 (Pa. Super. 2012) (holding a violation of Rule 544 does not automatically entitle a defendant to relief, he must also prove a violation of the statute of limitations, harassment, or prejudice).

defendant's guilt beyond a reasonable doubt, but rather, must merely put forth sufficient evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense. Furthermore, the evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to be decided by the jury.

Weight and credibility of evidence are not factors at the preliminary hearing stage. All evidence must be read in the light most favorable to the Commonwealth, and inferences reasonably drawn therefrom which would support a verdict of guilty are to be given effect. Courts must employ a "more-likely-than-not" test to access the reasonableness of inferences relied upon. Anything less amounts only to suspicion or conjecture.

*Commonwealth v. Munson*, 261 A.3d 530, 540 (Pa. Super. 2021) (citations and brackets omitted).

The Commonwealth first argues they presented sufficient evidence to establish a *prima facie* case of aggravated assault. **See** Appellant's Brief, at 11-12. The Commonwealth asserts Rodriguez's act of hitting Victim with a firearm and threatening to kill her established the necessary intent to inflict serious bodily injury upon Victim. **See id.** at 12-13.

Rodriguez maintains the trial court correctly ruled Victim's statement inadmissible as hearsay, and therefore there was no evidence presented of Rodriguez hitting Victim or threatening her. **See** Appellee's Brief, at 16-17. Alternatively, Rodriguez contends the evidence of hitting Victim in the knee and a single threat does not establish his intent to cause serious bodily injury,

as he never pointed the firearm at a vital part of Victim's body, nor hit her in a vital part of her body. *See id.* at 19, 21.

We first will address Rodriguez's claim that the trial court correctly ruled the statement inadmissible at the hearing as hearsay. Rodriguez argues the statement was not signed and adopted by the Victim and therefore not admissible as substantive evidence. *See id.* at 17.

Hearsay is a statement "the declarant does not make while testifying at the current trial or hearing" and is offered as "evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c). Here, the statement offered by the Commonwealth is the written statement of Victim made at the police station after police arrested Rodriguez. The Commonwealth introduced the statement because Victim recanted. Therefore, the Commonwealth was entering the statement into evidence to prove the truth of the matter asserted within the statement; it therefore meets the definition of hearsay.

"Hearsay is not admissible except as provided by [the Rules of Evidence], by other rules prescribed by the Pennsylvania Supreme Court, or by statute." Pa.R.E. 802. The trial court ruled this statement inadmissible but admitted its error in its letter in lieu of trial court opinion, acknowledging the statement is admissible under Rule 803.1. *See* Letter in Lieu of Trial Court Opinion, 3/13/24, at 2.

Rule 803.1(1) provides:

The following statements are not excluded by the rule against hearsay if the declarant testifies and is subject to cross-examination about the prior statement:

> **(1) Prior Inconsistent Statement of Declarant-Witness.** A prior statement by a declarant-witness that is inconsistent with the declarant-witness's testimony and:
>
> > (A) was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition;
> >
> > (B) is a writing signed and adopted by the declarant; or
> >
> > (C) is a verbatim contemporaneous electronic recording of an oral statement.

Pa.R.E. 803.1(1).

This Court has held:

> pursuant to this rule, inconsistent statements made by a witness prior to the proceeding at which he is then testifying are admissible as substantive evidence of the matters they assert so long as those statements, when given, were adopted by the witness in a signed writing or were verbatim contemporaneous recordings of oral statements. At the subsequent proceeding, the declarant of the original statement need not (indeed, cannot) adopt the original statement, as the statement's inconsistency with the declarant's testimony at the present hearing renders the former statement admissible.

*Commonwealth v. Stays*, 70 A.3d 1256, 1262 (Pa. Super. 2013) (citations omitted).

Here, Victim denied signing the statement and recanted everything she told police about the abuse she suffered at the hands of Rodriguez. The Commonwealth presented the detective who interviewed Victim, Detective

Kropilak. Detective Kropilak explained how he had Victim read over the statement and sign each page. *See* N.T. Preliminary Hearing, 9/5/23, at 9. The statement was, therefore, a prior inconsistent statement signed and adopted by Victim at the time it was made. The trial court erred in ruling the statement inadmissible hearsay, as it acknowledged in its letter in lieu of trial court opinion. *See* Letter in Lieu of Trial Court Opinion, 3/13/24, at 2. Rodriguez's argument to the contrary fails, and the statement is admissible as substantive evidence that we may consider in determining if the Commonwealth presented a *prima facie* case.

Turning to the charges, the Commonwealth first argues it established a *prima facie* case of aggravated assault pursuant to 18 Pa.C.S.A. § 2702(a)(1). *See* Appellant's Brief, at 11-12.

Aggravated assault under subsection 2702(a)(1) is met if the defendant "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S.A. § 2702(a)(1). "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

The Commonwealth does not claim Victim suffered serious bodily injury. Instead, the Commonwealth asserts it established Rodriguez attempted to

cause serious bodily injury by his actions of hitting Victim with the firearm and threatening to kill her. *See* Appellant's Brief, at 12-13.

Our Supreme Court has held "[w]here the injury actually inflicted did not constitute serious bodily injury, the charge of aggravated assault can be supported only if the evidence supports a finding that the blow delivered was accompanied by the intent to inflict serious bodily injury." ***Commonwealth v. Alexander***, 383 A.2d 887, 889 (Pa. 1978). In ***Alexander***, our Supreme Court found one punch to the victim's head insufficient to establish defendant attempted to inflict serious bodily injury. ***See id.*** The Court considered a number of factors, including the size of the assailant compared to the victim, whether the assailant was restrained from escalating his attack upon the victim, whether assailant had a weapon, and any statements made by the assailant to determine if there was sufficient evidence Alexander intended to cause serious bodily injury. ***See id.***

Our Supreme Court reaffirmed the totality of the circumstances approach in ***Commonwealth v. Matthew***, 909 A.2d 1254, 1258 (Pa. 2006). There, the Court reiterated:

> A person acts intentionally with respect to a material element of an offense when it is his conscious object to engage in conduct of that nature or to cause such a result. As intent is a subjective frame of mind, it is of necessity difficult of direct proof. The intent to cause serious bodily injury may be proven by direct or circumstantial evidence.
>
> ***Alexander*** created a totality of the circumstances test, to be used on a case-by-case basis, to determine whether a defendant possessed the intent to inflict serious bodily injury.

- 11 -

> *Alexander* provided a list, albeit incomplete, of factors that may be considered in determining whether the intent to inflict serious bodily injury was present, including evidence of a significant difference in size or strength between the defendant and the victim, any restraint on the defendant preventing him from escalating the attack, the defendant's use of a weapon or other implement to aid his attack, and his statements before, during, or after the attack which might indicate his intent to inflict injury. *Alexander* made clear that simple assault combined with other surrounding circumstances may, in a proper case, be sufficient to support a finding that an assailant attempted to inflict serious bodily injury, thereby constituting aggravated assault.

*Matthew*, 909 A.2d at 1257 (ellipses, quotation marks, and citations omitted).

In evaluating the totality of the circumstances presented here, we find the Commonwealth established a *prima facie* case of aggravated assault. The Victim told police Rodriguez grabbed her by her neck, started choking her and dragged her to his car. *See* N.T. Preliminary Hearing, 9/5/23, at 12. Once in the car, Rodriguez pulled out a firearm, hit Victim with it, and threatened to kill her. *See id.* at 12-13. As soon as they parked, police arrived to intervene. *See id.* at 13. These facts show Rodriguez's intent was to commit serious bodily injury or death. Only due to police intervention was Rodriguez prevented from escalating his assault. As such, we reverse the trial court order, reinstate the charge of aggravated assault, and remand for trial.

Next, the Commonwealth argues it presented a *prima facie* case of REAP under section 2705. *See* Appellant's Brief, at 13. The Commonwealth notes REAP is a lesser included offense of aggravated assault. *See id.* We agree.

REAP is committed where the defendant "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. "In order to make out a *prima facie* case for [REAP], the Commonwealth need only establish that the defendant's conduct placed or may have placed another in danger of serious bodily injury or death." ***Commonwealth v. Vogelsong***, 90 A.3d 717, 721 (Pa. Super. 2014) (citation and emphasis omitted). "[REAP] is a lesser included offense of aggravated assault and where the evidence is sufficient to support a claim of aggravated assault it is also sufficient to support a claim of [REAP]." ***Commonwealth v. Smith***, 956 A.2d 1029, 1036 (Pa. Super. 2008) (*en banc*) (citation omitted).

We find the same evidence that supports aggravated assault supports a *prima facie* case of REAP. We therefore reverse the trial court order and remand the charge of REAP for trial.

Next, the Commonwealth argues it presented a *prima facie* case of kidnapping under subsection 2901(a)(1). ***See*** Appellant's Brief, at 14. The Commonwealth asserts removing Victim from her mother's house, placing her in Rodriguez's car and driving away is sufficient evidence for a *prima facie* case. ***See id.*** at 15.

Rodriguez responds there was no evidence the kidnapping was to hold Victim for ransom or reward, as required under subsection 2901(a)(1). ***See*** Appellee's Brief, at 24. Rodriguez is mistaken as subsection 2901(a)(1) is met by either holding the victim for ransom or reward or as a shield or hostage.

In relevant part, subsection 2901(a)(1) states:

[A] person is guilty of kidnapping if he unlawfully removes another a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines another for a substantial period in a place of isolation, with any of the following intentions:

(1) To hold for ransom or reward, or as a shield or hostage.

18 Pa.C.S.A. § 2901(a)(1). "A removal or confinement is unlawful within the meaning of subsection (a) if it is accomplished by force, threat or deception[.]" 18 Pa.C.S.A. § 2901(b)(1).

The Commonwealth argues it met the standard for unlawfully removing Victim a substantial distance to hold as a shield or hostage. **See** Appellant's Brief, at 15. We agree.

Our Supreme Court has held "a substantial distance is not limited to a defined linear distance or a certain time period. The determination of whether the victim was moved a substantial distance is evaluated under the circumstances of the incident." **Commonwealth v. Malloy**, 856 A.2d 767, 779 (Pa. 2004) (quotation marks and citations omitted). This Court has found moving a victim a few blocks and even as short a distance as into a neighbor's house sufficient for a substantial distance. **See Commonwealth v. Campbell**, 509 A.2d 394, 397 (Pa. Super. 1986) (driving victim a few blocks sufficient for a substantial distance as it "exposed her to a different and increased risk of harm."); **In re T.G.**, 836 A.2d 1003, 1007 (Pa. Super. 2003) (finding because the "distance traveled enabled [a]ppellant to prevent contact

- 14 -

between victim and her mother" even though the distance was short, as it was only inside the neighbor's home victim was playing near, was sufficient for a substantial distance).

We find the circumstances presented here meet this definition. Victim was forcibly removed from her mother's property, dragged into Rodriguez's car, and driven miles away. *See* N.T. Preliminary Hearing, 9/5/23, at 12. While driving, Rodriguez told Victim to call her mother and tell her that "if she calls the police, [Rodriguez is] going to kill me." *Id.* at 12-13. This threat, in combination with the facts of dragging Victim to his car, is sufficient to show a *prima facie* case of kidnapping, with the intent to hold Victim as a shield or hostage. We therefore reinstate the charge of kidnapping.

Next, the Commonwealth submits it established a *prima facie* case of strangulation. *See* Appellant's Brief, at 16. Specifically, the Commonwealth asserts the fact that Victim said Rodriguez choked her is sufficient to assume the choking led to difficulty breathing. *See id.* at 17.

Rodriguez disagrees and argues there was no evidence presented that Victim's breathing or circulation of the blood was impeded by the alleged choking. *See* Appellee's Brief, at 24-25.

The Commonwealth charged Rodriguez with strangulation under subsection 2718(a)(1): "A person commits the offense of strangulation if the person knowingly or intentionally impedes the breathing or circulation of the

blood of another person by: (1) applying pressure to the throat or neck[.]" 18 Pa.C.S.A. § 2718(a)(1).

This Court has held:

> The Crimes Code does not require that the victim be unable to breath to prove strangulation or require proof of a particular level of obstruction of the victim's breathing to prove strangulation. Rather, the Commonwealth need only prove that the defendant hindered or obstructed the victim's breathing. Testimony of the victim that the defendant put pressure on her neck that caused difficulty breathing is therefore sufficient to prove the elements of strangulation.

**Commonwealth v. Weitzel**, 304 A.3d 1219, 1225 (Pa. Super. 2023) (citations omitted).

Victim told police Rodriguez "grabbed me by the neck, **choked me**, and dragged me by my hair to his car." N.T. Preliminary Hearing, 9/5/23, at 12 (emphasis added). Reading this in the light most favorable to the Commonwealth as we must at this stage, the Commonwealth presented a *prima facie* case for strangulation. **See Munson**, 261 A.3d at 540.

Next, the Commonwealth submits it established a *prima facie* case of unlawful restraint. **See** Appellant's Brief, at 17. The Commonwealth argues the fact that Victim was dragged to the car, hit with the firearm, and threatened is sufficient evidence for a *prima facie* case of unlawful restraint. **See id.**

We note neither the letter in lieu of trial court opinion nor Rodriguez's brief addresses the charge of unlawful restraint.

Unlawful restraint provides, in relevant part, "a person commits a misdemeanor of the first degree if he knowingly: (1) restrains another unlawfully in circumstances exposing him to risk of serious bodily injury." 18 Pa.C.S.A. § 2902(a)(1). The "mere apparent ability to inflict harm is not enough to support a conviction[; rather] an actual danger of harm must be shown." ***Commonwealth v. Schilling***, 431 A.2d 1088, 1092 (Pa. Super. 1981); ***see also Commonwealth v. Bishop***, 307 A.3d 657, 1697 MDA 2022, at * 5 (Pa. Super. Oct. 12, 2023) (unpublished memorandum) (citing ***Schilling*** for the proposition "[t]o prove the unlawful restraint offense … the Commonwealth must prove both that the defendant knowingly restrained the victim unlawfully and that defendant's conduct exposed the victim to an actual risk of serious bodily injury.") (one citation omitted).[4]

Rodriguez's acts of choking Victim, dragging her to his car, forcing her inside and driving away with her, then pulling out a firearm and threatening to kill her undoubtedly exposed Victim to the risk of serious bodily injury. If not for police intervention when Rodriguez arrived at his destination, there was an actual danger of harm to Victim. We reverse the trial court order to the contrary and remand for trial on the charge of unlawful restraint.

Next, the Commonwealth argues it presented a *prima facie* case of PIC. ***See*** Appellant's Brief, at 18. Specifically, the Commonwealth asserts the car

---

[4] Pursuant to Pa.R.A.P. 126(b), we may rely on unpublished memorandum issued after May 1, 2019, for their persuasive value.

Rodriguez drove, forced Victim into, and used to carry her away from the safety of her mother's house was an instrument of crime. We agree.

Rodriguez does not present any argument as to this charge. The trial court noted in its letter in lieu of opinion that, after realizing its error as to the admission of Victim's statement, it would allow this charge to proceed to trial. **See** Letter in Lieu of Trial Court Opinion, 3/13/24, at 2.

As charged, PIC provides "[a] person commits a misdemeanor of the first degree if he possesses any instrument of crime with the intent to employ it criminally." 18 Pa.C.S.A. § 907(a). "Instrument of crime" is defined as "[a]nything specially made or specially adapted for criminal use" or "[a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S.A. § 907(d).

The evidence established Rodriguez's intent to use his car for criminal purposes, specifically, to remove Victim from the safety of her mother's house. While a car is not specially made or adapted for criminal use, it does meet the latter definition of instrument of crime. Using a car to kidnap Victim is clearly "used for criminal purposes and possessed by [Rodriguez] under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S.A. § 907(d); **see also Commonwealth v. Hairston**, 239 A.3d 73, 1118 EDA 2019, 1119 EDA 2019, * 3 (Pa. Super. July 17, 2020) (unpublished memorandum) (holding a car used to flee and elude officers is an instrument

of crime). We therefore reverse the order of the trial court and remand the charge of PIC for trial.

Next, the Commonwealth argues it established a *prima facie* case of false imprisonment. **See** Appellant's Brief, at 19. Again, Rodriguez has not addressed this claim in his brief. Further, the trial court, in its letter in lieu of opinion, agreed it erred and would reinstate the charge of false imprisonment. **See** Letter in Lieu of Trial Court Opinion, 3/13/24, at 2. We agree the evidence established a *prima facie* case for false imprisonment.

Relevantly, false imprisonment is defined as "a person commits a misdemeanor of the second degree if he knowingly restrains another unlawfully so as to interfere substantially with his liberty." 18 Pa.C.S.A. § 2903(a). Notably, "[i]n determining the magnitude of restraint necessary for false imprisonment, this Court has recognized that false imprisonment covers restraints which are less serious than those necessary for the offenses of kidnapping and unlawful restraint." **In re M.G.**, 916 A.2d 1179, 1181-82 (Pa. Super. 2007) (footnotes and citations omitted). As we found the evidence sufficient for kidnapping, we find the Commonwealth presented a *prima facie* case of false imprisonment. Rodriguez dragged Victim to his car and drove away when Victim's mother tried to intervene. **See** N.T. Preliminary Hearing, 9/5/23, at 12. We therefore reverse the order of the trial court and reinstate the charge of false imprisonment.

Next, the Commonwealth submits it established a *prima facie* case for simple assault as Victim described Rodriguez assaulting her and during her interview with police, her body and throat hurt, and she had scratches on her neck. *See* Appellant's Brief, at 20. Rodriguez did not argue this claim in his brief. The trial court indicated it would reinstate this charge in its letter in lieu of opinion. *See* Letter in Lieu of Trial Court Opinion, 3/13/24, at 2.

Simple assault, as charged here, is defined as "attempt[ing] to cause or intentionally, knowingly or recklessly caus[ing] bodily injury to another[.]" 18 Pa.C.S.A. § 2701(a)(1). "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301. This Court has found "[t]he existence of substantial pain may be inferred from the circumstances surrounding the use of physical force even in the absence of a significant injury." *Commonwealth v. Wroten*, 257 A.3d 734, 744 (Pa. Super. 2021) (citation omitted).

Here, Rodriguez grabbed Victim by the neck, dragged her to his car by her hair, and hit her in her knee with a firearm. *See* N.T. Preliminary Hearing, 9/5/23, at 12-13. Victim described feeling pain during her interview with police: "My body and throat hurt. I have scratches on my neck." *Id.* at 13. While this may not be significant injury without more information, it certainly creates an inference of substantial pain. Furthermore, the evidence shows Rodriguez's intent to cause bodily injury and therefore, there is sufficient

evidence for a *prima facie* case of simple assault. We reverse the order of the trial court and reinstate the charge of simple assault.

Finally, the Commonwealth argues it presented a *prima facie* case of terroristic threats. ***See*** Appellant's Brief, at 20. Specifically, the Commonwealth submits Rodriguez's threat to kill Victim was sufficient for a *prima facie* case. ***See id.*** at 21. We agree and note the trial court indicated it would reinstate this charge in its letter in lieu of opinion. ***See*** Letter in Lieu of Trial Court Opinion, 3/13/24, at 2.

Rodriguez was charged with terroristic threats under subsection 2706(a)(1), that provides as follows: "A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to: (1) commit any crime of violence with the intent to terrorize another[.]" 18 Pa.C.S.A. § 2706(a)(1).

Threatening to kill someone is crime of violence. ***See Commonwealth v. Crosby***, 226 A.3d 104, 106-09 (Pa. Super. 2020) (finding threat to kill victim and others sufficient to support conviction for terroristic threats). Rodriguez threatened to kill Victim while holding a firearm. This presents a *prima facie* case of terroristic threats.

Because we find the Commonwealth presented a *prima facie* case of all charges, we reverse the order denying the Commonwealth's motion to refile charges, reinstate the charges of aggravated assault, REAP, kidnapping,

strangulation, unlawful restraint, PIC, false imprisonment, simple assault, and terroristic threats, and remand for trial.

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/24/2025