J-S09003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMAR GRIFFIN | : | |
| | : | |
| Appellant | : | No. 1649 EDA 2022 |

Appeal from the Judgment of Sentence Entered May 18, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005753-2019

BEFORE: LAZARUS, P.J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:　　　　　　　**FILED JULY 22, 2025**

Lamar Griffin appeals from the judgment of sentence, entered in the Court of Common Pleas of Delaware County, after a jury found him guilty of kidnapping to facilitate a felony[1] and robbery of a motor vehicle.[2]  After careful review, we affirm.

On March 17, 2019, at around 2:45 a.m., Lamika Stewart and her cousins, Shannon Carroll and Samika Stewart (Samika), went to Happy House Restaurant in Chester.  Carroll drove them to the restaurant in her Ford Expedition, which had tinted windows.  After placing their orders, the group went to Samika's nearby home to use the restroom while their food was being

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2901(a)(2).

[2] *Id.* at § 3702(a).

prepared. Because Stewart's food was ready first when they returned, she decided to wait for the others in the car, which Carroll unlocked and started for her.

While Stewart was waiting in the car, Griffin, whom Stewart had previously observed standing in the restaurant, entered the driver's seat. Stewart told him he had the wrong car, at which point Griffin pointed a gun at her and verbally insulted her, saying: "This is what you get for being out this time" and "You want to be a whore." N.T. Trial, 3/9/22, at 31-32. Griffin forced Stewart to throw her phone to the front seat before driving away, parking between a cement wall and a gate. Griffin drove almost two blocks and then pulled over in an alley. Griffin threw Stewart's phone over the gate into a yard, forced Stewart to fully undress, and then ripped her shirt and bra off of her. After he bent her over the back seat of the car, Stewart begged Griffin not to rape her and told him she was "on [her] period." *Id.* at 21. Griffin then ran off, taking Carroll's purse with him.

Upon seeing the vehicle pulling out of the restaurant parking lot, Stewart's cousins called both Stewart and the police, as Stewart does not drive. Stewart eventually got in touch with her cousins upon recovering her cell phone after Griffin fled and she was attempting to walk back to the restaurant. Shannon testified that Stewart was "very upset" and visibly disheveled. *Id.* at 75.

On March 9, 2022, a jury found Griffin guilty of the above-named offenses. The jury acquitted Griffin of criminal attempt—rape forcible

compulsion, criminal attempt—sexual assault, and robbery—threat of immediate serious injury. The trial court, sitting without a jury, acquitted Griffin of possession of a firearm prohibited. The trial court also denied Griffin's post-trial motion for judgment of acquittal on robbery of a motor vehicle and kidnapping.

On the day of sentencing, May 18, 2022, the prosecution notified Griffin's counsel of its plan to seek second-strike mandatory minimum penalties under 42 Pa.C.S.A. § 9714 due to Griffin's prior convictions for crimes of violence. The court imposed two mandatory minimum sentences totaling twenty to forty years' incarceration. Griffin filed a timely notice of appeal and court-ordered Pa.R.A.P.1925(b) concise statement of errors complained of on appeal. Griffin presents the following issues for our review:

> 1. Whether the evidence is insufficient to sustain the kidnapping [] conviction, and the trial court erroneously denied [his motion for] judgment of acquittal, since the prosecution at trial failed to prove beyond a reasonable doubt that [] Griffin moved [Stewart] a substantial distance, especially where the allegations lasted only about two minutes, occurred within a less than two block area, and were incidental to the robbery of a vehicle charge?
>
> 2. Whether the mandatory ten-to-twenty-year confinement sentences pursuant to [section] 9714 [] are illegal, because the prosecution failed to provide reasonable notice of its intent by waiting until moments before sentencing, and[,] in any event, failed to present sufficient, competent evidence of prior convictions at the sentencing hearing?

Appellant's Brief, at 5.

Griffin first challenges the sufficiency of the evidence supporting his kidnapping conviction. *See Commonwealth v. Sunealitis*, 153 A.3d 414,

420 (Pa. Super. 2016) ("A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge[.]"). Our standard of review of a challenge to the sufficiency of the evidence is well-established:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim, the court is required to view the evidence in the light most favorable to the verdict winner[,] giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. James*, 297 A.3d 755, 764 (Pa. Super. 2023), citing *Commonwealth v. Stahl*, 175 A.3d 301, 303-04 (Pa. Super. 2017).

A person is guilty of kidnapping if he "unlawfully removes another **a substantial distance** under the circumstances from the place where he is found, or if he unlawfully confines another for a substantial period in a place of isolation . . . [t]o facilitate commission of any felony[.]" 18 Pa.C.S.A. § 2901(a)(2) (emphasis added). Although courts have not precisely defined "substantial distance" or "substantial period," many have assessed these terms on a case-by-case basis. *See Commonwealth v. Hughes*, 399 A.2d 694, 696 (Pa. Super. 1979) (en banc) (recognizing guilt of abductor "cannot depend upon the fortuity of the distance he has transported his victim nor the length of time elapsed").

- 4 -

Griffin argues the evidence is insufficient because the prosecution failed to prove he transported Stewart a substantial distance[3] as required under subsection 2901(a), where he only drove her roughly 1½ blocks and the entire incident lasted only about two minutes. He relies upon a dictionary definition of "substantial" as "considerable in quantity" or "significantly great" to support his claim that "under any fair definition," less than two blocks is not a substantial distance. Appellant's Brief, at 13, 16. Griffin also argues that the alleged kidnapping was incidental to the robbery of a motor vehicle and "did not greatly increase danger." *Id.* at 16.

In response, the Commonwealth argues 1½ blocks was a substantial distance because Griffin "exposed [Stewart] to an increased and different risk of harm." Appellee's Brief, at 13. The Commonwealth assert that surrounding circumstances, such as unlawfully removing Stewart to a secluded alley "where he could do with her as he pleased" and forcing her to undress, establish the fact that Griffin's actions were not merely incidental to the robbery of a motor vehicle. *Id.* Additionally, the Commonwealth argues Griffin's plain-language argument disregards existing precedent interpreting the word "substantial" under the kidnapping statute. *Id.* at 14.

_____

[3] Griffin also argues that the Commonwealth did not prove that he held Stewart for a "substantial period" in a "place of isolation." However, the kidnapping statute is disjunctive, and the Commonwealth may prove **either** that a defendant transported the victim a substantial distance **or** held her for a substantial period in a place of isolation. *See* 18 Pa.C.S.A. § 2901(a). Here, the Commonwealth proceeded under the "substantial distance" prong of the statute and the jury was instructed accordingly. As such, we do not consider Griffin's argument as to the alternative means of establishing the offense.

Substantial distance must be evaluated on a case-by-case basis. **See Commonwealth. v. Malloy**, 856 A.2d 767, 780 (Pa. 2004) (finding ten-to-fifteen-minute drive met substantial distance requirement because movement of victim to secluded area facilitated murder); **Hughes**, **supra** at 698 (full Court finding two miles sufficient to constitute "substantial distance" under circumstances where victim removed from security of familiar surroundings to completely different and isolated area); **Commonwealth v. Campbell**, 509 A.2d 394 (Pa. Super. 1986) (finding two blocks substantial distance for purposes of kidnapping statute).

Here, even though Griffin only removed Stewart about 1½ blocks, the attendant circumstances cause the incident to rise to the level of a substantial distance for purposes of the kidnapping statute. **See Campbell**, 509 A.2d at 397 (concluding two blocks substantial distance for kidnapping of victim). Similar to the victim in **Hughes**, **supra**, Griffin took Stewart to a secluded alley, where she was unfamiliar with her surroundings, and parked in a "spot right between a cement wall and a gate." N.T. Trial, 3/9/22, at 29. Griffin also threw Stewart's phone over a gate, preventing Stewart from calling for help. **Id.** Moreover, the risk of harm was increased when Griffin pulled out a gun and forced Stewart to cover her face with her hands and undress. Only when Stewart begged Griffin not to rape her and told him she was menstruating did Griffin flee, taking Carroll's purse with him. Therefore, because Griffin took Stewart to a secluded area, isolated her, and exposed her to an increased risk of harm as a result, we conclude that the nearly two blocks

- 6 -

Griffin transported Stewart satisfies the substantial distance prong of the kidnapping statute. ***Campbell***, 509 A.2d at 397.

Griffin next contends that the mandatory minimum sentences imposed under section 9714 are illegal because the Commonwealth's notice, given approximately fifteen minutes before the commencement of sentencing, was unreasonable. Additionally, he argues the notice did not include a "complete record" of his previous convictions as required by the statute. ***See*** 42 Pa.C.S.A. § 9714(d). Specifically, Griffin argues that "there is no indication that the [trial] court had [] Griffin's certified conviction records before it, where the prosecution offered no testimony or exhibits at sentencing." Appellant's Brief, at 19. He is entitled to no relief.

It is well-established that our standard of review for a legality of sentence claim is de novo and our scope of review is plenary. ***See Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa. Super. 2013). "A challenge to the legality of a sentence may be raised as a matter of right, is not subject to waiver, and may be entertained as long as the reviewing court has jurisdiction." ***Commonwealth v. Bowers***, 25 A.3d 349, 352 (Pa. Super. 2011). A sentence without particular statutory authorization is illegal and must be corrected and vacated. ***Commonwealth v. Stevenson***, 850 A.2d 1268, 1271 (Pa. Super. 2004) (en banc).

The purpose of the mandatory minimum sentencing statute is "to deter violent criminal acts by imposing harsher penalties on those who commit repeated crimes of violence." ***Commonwealth v. Norris***, 819 A.2d 568, 573

(Pa. Super. 2003), quoting **Commonwealth v. Eddings**, 721 A.2d 1095, 1100 (Pa. Super. 1998), *aff'd,* 772 A.2d 956 (Pa. 2001).  To impose a mandatory minimum sentence pursuant to section 9714, the defendant must previously have been convicted of a "crime of violence."  42 Pa.C.S.A. § 9714(a)(1).  As is relevant here, Griffin was previously convicted of robbery, defined as a "crime of violence" in subsection 9714(g).

For section 9714 to apply, the prosecution must give "reasonable notice . . . after conviction and before sentencing" and provide a "complete record" of the offender's previous convictions.  **Id.** at § 9714(d).  Moreover, the statute provides that its applicability will be determined at sentencing and the court will schedule an evidentiary hearing only if a party contests the accuracy of the record. **Id.**

As for what constitutes "reasonable notice" under subsection 9714(d), Pennsylvania courts have consistently found no specific timeline is mandated. In **Commonwealth v. Rizzo**, 523 A.2d 809 (Pa. Super. 1987), the Court noted that "[w]hat is reasonable must necessarily depend upon the nature, purpose, and circumstances of each case.  To be adequate, notice must be sufficient to permit an objection or a defense."  **Id.** at 811.  **See also Commonwealth v. Saksek**, 522 A.2d 70, 72 (Pa. Super. 1987) (holding notice given three days before sentencing was reasonable because appellant, if truly uninformed or unprepared to challenge mandatory sentencing, could have sought continuance).  Additionally, in **Norris**, **supra**, the Court concluded the defendant had reasonable notice of the Commonwealth's intent

to seek a mandatory minimum sentence and found it was unnecessary to specify which section 9714 provision applied, as that decision rests with the sentencing court. ***Id.*** at 570-71, 574-75. Finally, in ***Commonwealth v. Freeman***, 514 A.2d 884 (Pa. Super. 1986), the Court found sufficient notice was provided where given twice prior to conviction and once following conviction but before sentencing. ***Id.*** at 886.

Furthermore, subsection 9714(d) requires the sentencing court to have a "complete record" of the offender's previous convictions before imposing a mandatory sentence. Although the court in ***Norris***, ***supra***, found sufficient notice, it remanded the case because of the lack of a complete record, finding that "[a] verbal recitation by the Commonwealth of what it considers to be Norris's prior 'strikes,' without the court having the benefit of Norris's written record, is simply insufficient for purposes of [sub]section 9714(d)." ***Id.*** at 576.

Here, we agree with the trial court that the Commonwealth's notice of intent to pursue mandatory sentencing under the second-strike provision was reasonable under the circumstances and that the record of Griffin's prior convictions was sufficient pursuant to subsection 9714(d). Despite Griffin having new counsel for trial, the record demonstrates he and his prior counsel had notice of the Commonwealth's intent to seek the mandatory sentences prior to trial. Additionally, neither Griffin nor his counsel disputed the accuracy of the record of his prior convictions at the time of sentencing. ***See*** N.T.

Sentencing Hearing, 5/18/22, at 11-18 (defense counsel arguing against application of mandatory minimums).

The statute requires notice to be provided "after conviction and before sentencing." 42 Pa.C.S.A. § 9714(d). Although formal notice was provided to the defense only fifteen minutes before sentencing, Griffin was twice made aware that he was potentially subject to mandatory minimums should he be convicted of robbery and/or kidnapping. At Griffin's suppression hearing on April 7, 2021, Assistant District Attorney Gorbey stated the following:

> MS. GORBEY: Your Honor, I believe at the last listing, I had put [Griffin's] exposure on the record and withdrawing [sic] that just to reiterate on the record. I don't need to go through it all again. The only thing that I don't believe that we addressed at the last listing is that **this could be a possible strike, second strike for** [] **Griffin, which would carry a 10**[-]**year mandatory minimum**. As I already stated on the record at the—prior to the last litigation, his guidelines are higher than what the mandatory is anyway, but I'm prepared to proceed. I just wanted to make sure that we have on the record that we did put that on last time.

N.T. Suppression Hearing, 4/7/21, at 5-6 (emphasis added).

Then, at Griffin's second preliminary hearing on October 21, 2021, the following exchange occurred between then-defense counsel and the court:

> [DEFENSE COUNSEL]: Judge[,] if I may? I believe that [Griffin] already has a strike one. **So**[,] **a conviction of a robbery of a motor vehicle** or a first[-]degree felony robbery **and/or kidnapping**[,] if that is added to the charge[,] **are all additional crimes of violence**.
>
> THE COURT: **So**[,] **what is the mandatory minimum**?
>
> [DEFENSE COUNSEL]: **Ten years**.
>
> [ADA GORBEY]: Ten.

N.T. Second Preliminary Hearing, 10/21/20, at 7 (emphasis added).

Griffin's argument that the notice was inadequate because he had new counsel for trial is unpersuasive. At sentencing, Griffin's counsel stated that he had read the transcripts of the prior proceedings, did not indicate that he was unprepared to challenge—and, in fact, did challenge—the application of section 9714, and did not seek a continuance of the sentencing hearing to give him additional time to prepare such a challenge. *See Commonwealth v. Taylor*, 831 A.2d 661, 667 (Pa. Super. 2003) (challenge to reasonableness of notice rejected where counsel neither indicated he was unprepared to address applicability of section 9714 nor requested continuance).

The sentencing court also had a "complete record" of Griffin's previous convictions before it imposed the mandatory sentences, as required under section 9714(d). The Commonwealth attached to its section 9714 notice of intent a copy of Griffin's secure court summary reflecting his prior convictions, *see* Commonwealth's Notice of Intent, 5/18/22, at Exhibit A, and the trial court was in possession of Griffin's presentence investigation report ("PSI"). *See* N.T. Sentencing Hearing, 5/18/22, at 4. *See also Commonwealth v. Howard*, 281 A.3d 1081 (Pa. Super. 2022) (Table)[4] (secure court summaries established sufficient evidence of prior felony convictions). Moreover, the parties stipulated to Griffin's prior robbery and aggravated assault convictions at trial. *See* N.T. Trial, 3/9/22 at 173 (stipulating to prior felony convictions

_____

[4] *See* Pa.R.A.P. 126(b) (unpublished non-precedential decisions of this Court issued after May 1, 2019 may be cited for their persuasive value).

rendering Griffin ineligible to carry firearm); *see also* N.T. Sentencing Hearing, 5/18/22, at 8 (ADA noting Griffin's prior convictions for robbery and aggravated assault without objection). Accordingly, Griffin is entitled to no relief on this claim.

In sum, the Commonwealth presented sufficient evidence to sustain Griffin's kidnapping conviction and provided reasonable notice and a complete record of Griffin's prior convictions as required under section 9714. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/22/2025