J-S08045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                  :  PENNSYLVANIA
                                  :

           v.                    :

VICTOR SIMMONS               :

           Appellant      :  No. 2399 EDA 2024

Appeal from the PCRA Order Entered August 9, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000890-2017

BEFORE: DUBOW, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED MAY 2, 2025**

Appellant, Victor Simmons, appeals from the dismissal of his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, *et seq*. He pleaded guilty in this matter to one count of robbery—fear of serious bodily injury, and two counts of robbery—demand money from a financial institution.[1] Upon careful consideration, we conclude that the PCRA court properly treated Appellant's petition as an untimely PCRA petition and correctly dismissed it for lack of jurisdiction.

On direct review, we summarized the facts underlying Appellant's convictions as follows: "[B]etween November 8 and 9, 2016, Appellant

---

*Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(ii) (first-degree felony); *id.* at § 3701(a)(1)(vi) (second-degree felony).

committed multiple robberies by demanding money from financial institutions, *i.e.*, PNC Bank [and] Wells Fargo; as well as by placing another person, *i.e.*, Jasmine Mullen a/k/a Jasmine Mullins, [("the victim"),] in fear of immediate, serious bodily injury while conducting a robbery at Walmart." ***Commonwealth v. Simmons***, 2019 WL 3290645, *1 (Pa. Super., filed July 22, 2019) (unpublished memorandum); ***see also*** N.T. Guilty Plea Hearing, 12/14/17, 13-14. After jury selection on December 14, 2017, Appellant entered a guilty plea to the above-referenced offenses. ***See*** N.T. Guilty Plea Hearing, 12/14/17, 3, 8, 15-16. In exchange for the plea, the Commonwealth recommended an aggregate term of fourteen to thirty years' imprisonment, including consecutive imprisonment terms of ten to twenty years on the first-degree felony count and two to five years on each of the second-degree felony counts.[2] ***Id.*** at 3-4, 7-8. At the end of the plea hearing, the court imposed the agreed-upon sentence. ***Id.*** at 16.

---

[2] The sentence for the first-degree felony robbery count was a mandatory minimum term for a second crime of violence pursuant to 42 Pa.C.S. § 9714(a)(1). ***See*** N.T. Guilty Plea Hearing, 12/14/17, 7, 17. Appellant agreed during his oral guilty plea colloquy that he had a prior conviction for robbery and that he understood the sentence for the first-degree felony count was a mandatory minimum term. ***Id.*** at 7.

As part of the parties' plea agreement, the Commonwealth also agreed to *nolle prosse* remaining charges including two counts each of robbery—fear of serious bodily injury (18 Pa.C.S. § 3701(a)(1)(ii)), theft by unlawful taking (18 Pa.C.S. § 3921(a)), and theft by receiving stolen property (18 Pa.C.S. § 3925(a)), three counts each of robbery—infliction of bodily injury (18 Pa.C.S. § 3701(a)(1)(iv), harassment—repeatedly harass, alarm, or annoy (18 Pa.C.S. § 2709(a)(3)), terroristic threats (18 Pa.C.S. § 2706(a)(1)), and
*(Footnote Continued Next Page)*

On December 21, 2017, Appellant filed a counseled motion to withdraw his guilty plea, in which he challenged the voluntariness of his guilty plea. On January 5, 2018, the plea court denied the withdrawal motion. **See** Order (post-sentence motion denial), 1/5/18, 1. On July 22, 2019, when considering consolidated appeals in this matter, we quashed as interlocutory Appellant's appeal from the denial of a pre-plea petition for writ of *habeas corpus* and affirmed the judgment of sentence.[3] **See Commonwealth v. Simmons**, 220 A.3d 668 (Pa. Super. 2019) (table) (3641 EDA 2017) (quashal); **Commonwealth v. Simmons**, 220 A.3d 668 (Pa. Super. 2019) (table) (273 EDA 2018) (affirmed). On March 16, 2020, our Supreme Court denied Appellant's petition for allowance of appeal.[4] **See Commonwealth v. Simmons**, 227 A.3d 316 (Pa. 2020) (table) (580-581 MAL 2019).

On March 25, 2020, Appellant filed a *pro se* first PCRA petition in which he claimed that, *inter alia*, plea counsel, the Commonwealth, and the plea

---

simple assault (18 Pa.C.S. § 2701(a)(3)), and one count of attempt to commit theft by unlawful taking (18 Pa.C.S. § 901(a)/3921(a)). Criminal Information, 3/24/17, 1-4; Trial/Plea/Sentence Form, 12/14/17, 1.

[3] During direct review, Appellant waived his right to counsel and proceeded *pro se* after a **Grazier** hearing on February 20, 2018. **See** N.T. Grazier Hearing, 2/20/18, 11-19; Order (waiver of counsel), 2/20/18, 1; **see also Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[4] While the petition for allowance of appeal was pending before our Supreme Court, Appellant attempted to file an initial *pro se* PCRA petition, which he later withdrew. **See** *Pro Se* PCRA Petition, 9/23/19; *Pro Se* Motion to Withdraw PCRA, 10/2/19, 1.

court conspired to interfere with consideration of his pre-plea petition for writ of *habeas corpus,* and plea counsel improperly induced him to enter an involuntary and unknowing guilty plea. **See** *Pro Se* First PCRA Petition, 3/25/20, § 6. Subsequently appointed counsel filed an amended PCRA petition, asserting that Appellant entered an involuntary and unknowing guilty plea based on deficient advice from his former counsel. **See** Order (counsel appointment), 11/24/20, 1; Counseled Amended First PCRA Petition, 2/23/21, 1-2. The PCRA court appointed new post-conviction review counsel following a **Grazier** hearing held on June 8, 2021. **See** Order (new counsel appointment), 6/8/21, 1. Following an additional **Grazier** hearing held on October 5, 2021, the PCRA court permitted Appellant to proceed *pro se*. **See** Order (waiver of counsel), 10/5/21, 1. On October 22, 2021, Appellant filed, with leave of court, a *pro se* amended PCRA petition and a *pro se* supplemental amended PCRA petition. **See** Order (Response to *Pro Se* Amended and Supplemental Petitions), 1/6/22, 1.

After consideration of the petition and a response from the Commonwealth, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. **See** Rule 907 Notice, 2/28/22, 1. Appellant filed multiple *pro se* responses to the Rule 907 notice.[5] On March 31, 2022, the PCRA court denied

_____

[5] Relevant to Appellant's arguments in the instant appeal, he asserted in his *pro se* amended first PCRA petition and his Rule 907 notice responses that,
*(Footnote Continued Next Page)*

a motion for recusal and granted Appellant leave to file an amendment to his response to the court's Rule 907 notice. **See** Order (recusal request and amendment request), 3/31/22, 1. After considering the additional *pro se* response filed on April 14, 2022, the PCRA court dismissed the petition as meritless on April 21, 2022. **See** Order (first PCRA petition dismissal), 4/21/22, 1. On May 30, 2023, we dismissed a collateral review appeal due to "substantial briefing defects … which fatally hamper[ed] our ability to conduct meaningful appellate review."[6] **Commonwealth v. Simmons**, 2023 WL 3721514, *2 (Pa. Super., filed May 30, 2023) (unpublished memorandum); **see also Commonwealth v. Simmons**, 299 A.3d 930 (Pa. Super. 2023)

_____

*inter alia*, his sentence was illegal because the Commonwealth did not provide an adequate record of his prior robbery conviction to support a mandatory minimum second-strike sentence for his first-degree felony robbery conviction in this matter and that prior counsel provided ineffective assistance by not arguing a related claim. **See** *Pro Se* Amended PCRA Petition, 10/22/21, ¶¶ 16-19; *Pro Se* Response to Rule 907 Notice, 3/17/22, ¶¶ 3-4; *Pro Se* Response to Rule 907 Notice, 3/24/22, ¶¶ 3-4.

[6] During this appeal, we remanded for an additional **Grazier** hearing that was held on August 8, 2022, and confirmed Appellant's desire to continue as a *pro se* litigant. **See** Superior Court Order (waiver of counsel), 6/28/22, 1; Order (**Grazier** hearing), 8/10/22, 1-2. While the PCRA court was divested of jurisdiction by the pendency of the appeal from the dismissal of the first PCRA petition, Appellant continued to pursue additional filings with the PCRA court including a putative second PCRA petition and a motion to vacate his plea agreement and sentence. **Cf. Commonwealth v. Montgomery**, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*) ("PCRA courts are not jurisdictionally barred from considering multiple PCRA petitions relating to the same judgment of sentence at the same time *unless the PCRA court's order regarding a previously filed petition is on appeal and, therefore, not yet final*.") (emphasis added).

(table) (1225 EDA 2022). On February 20, 2024, our Supreme Court denied *allocatur*. ***See Commonwealth v. Simmons***, 313 A.3d 943 (Pa. 2024) (table) (442 MAL 2023).

On March 4, 2024, Appellant filed his *pro se* second PCRA petition that is the focus of this appeal. In it, he asserted that: (1) he did not have a prior conviction that was a "qualifying offense" for a second-strike for mandatory minimum sentencing purposes; (2) the Commonwealth committed "misconduct" by pursuing a second-strike sentence despite supposedly knowing that he did not have a qualifying first-strike conviction; and (3) plea counsel provided ineffective assistance for advising him to accept the guilty plea without "properly investigating the prior conviction" and "requiring the Commonwealth to conform to the sentencing requirements of [Section] 9714[(d)]." *Pro Se* Second PCRA Petition, 3/4/24, § 6(a).

On April 8, 2024, Appellant filed a *pro se* supplement to his second PCRA petition, proffering a DC16E sentence status summary form from the Department of Corrections, alleging that his sentence was illegal because "he was not given [a] time credit for this case," and asserted that he was entitled to withdrawal of his guilty plea because it "was fatally flawed from the start." *Pro Se* Supplement to Second PCRA Petition, 4/8/24, 1.

On May 9, 2024, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Rule 907, informing Appellant that his petition was untimely and "did not meet any of the statutory exceptions" to the PCRA's jurisdictional time-bar provision. Rule 907 Notice, 5/9/24, 1.

Defendant thereafter filed two *pro se* responses to the court's Rule 907 notice and a *pro se* motion seeking enforcement of his plea agreement. In his second response to the PCRA court's Rule 907 notice, he alleged that the governmental interference exception to the PCRA's time-bar applied to his petition because he characterized the Commonwealth's supposed failure to disclose his lack of a qualifying offense for second-strike sentencing as a **Brady**[7] violation. **See** 42 Pa.C.S. § 9545(b)(1)(i) (governmental interference exception). In the "enforcement" motion, Appellant asserted that the Commonwealth failed to comply with 42 Pa.C.S. § 9714(d) because it pursued a second-strike mandatory minimum sentence without providing him with a copy of the complete record for his prior qualifying conviction of a crime of violence and without the plea court making a finding of a qualifying conviction by a preponderance of the evidence. **See** *Pro Se* Motion for Enforcement, 6/4/24, ¶¶ 3-4. Based on this alleged non-compliance with Section 9714(d), Appellant claimed he was induced to enter an involuntary and unknowing guilty plea, his plea agreement was invalid, and his sentence was illegal. **Id.** at ¶¶ 5-6. He argued that he was entitled to withdrawal of his plea based on a breach of contract theory. **Id.** at ¶ 6.

On August 9, 2024, the PCRA court dismissed the petition as untimely. **See** Order (second PCRA petition dismissal), 8/9/24, 1. Appellant timely filed a notice of appeal and voluntarily filed a concise statement of errors

---

[7] **Brady v. Maryland**, 373 U.S. 83 (1963).

complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). *See Pro Se* Notice of Appeal, 8/26/24, 1; *Pro Se* Rule 1925(b) Statement, 9/9/24, 1.

Appellant presents the following questions for our review:

A. Did the PCRA court['s] dismissal of Appellant[']s second PCRA petition for being untimely [constitute] an error of law when the court failed to address Appellant[']s claims and request for relief under [a] breach of contract law [theory,] which is regularly treated outside the ambit of [the] PCRA?

B. Did the Commonwealth breach the terms of the plea agreement by not complying [with] the statutory requirements of the agreed[-]upon statute of 42 Pa.C.S. § 9714(d) and provide the complete record of the allege[d] prior [conviction for a crime of violence] to the petitioner and the trial court[?]

C. Is the plea breached based on the fact that the petitioner[']s prior robbery [conviction] is not a qualifying offense by law under 42 Pa.C.S. [§] 9714 therefore invalidating the plea and entitling the petitioner to specific performance[?]

D. [Was there a] ***Brady*** violation regarding [an] illegal sentence[?]

Appellant's Brief, 4.

Appellant argues that the PCRA court erred by denying his second PCRA petition as untimely because the court should have reviewed the petition—independent of the jurisdictional time-bar—since the petition sought specific performance to remedy a breach of his plea agreement, and that claim was beyond the ambit of the PCRA. *See* Appellant's Brief, 9. He asserts that the Commonwealth breached the plea agreement by not providing him and the plea court with a complete record for his prior robbery conviction, in violation

of 42 Pa.C.S. § 9714(d), so as to prove the applicability of the mandatory minimum statute at Section 9714(a)(1), before he was sentenced to a second-strike mandatory minimum term as part of the sentencing agreement. *Id.* at 10-11. He maintains that, because of the non-compliance with Section 9714(d), his negotiated sentence is illegal, and the plea court should not have accepted the plea agreement.[8] *Id.* at 11-13. He further argues that the Commonwealth was supposedly aware that his prior robbery conviction would not support a second-strike sentence in this case and, as a result, the Commonwealth "fraudulently induced [him] to give up his rights." *Id.* at 15. He suggests that, in doing so, the Commonwealth breached the plea agreement by causing him to enter an involuntary and unknowing guilty plea and that he is entitled to specific performance.[9] *Id.*

Assuming *arguendo* that the PCRA's time-bar applied to his petition, Appellant argues that Commonwealth committed a ***Brady*** violation by not

---

[8] To advance his underlying theory that he did not have a qualifying prior conviction for a second-strike mandatory minimum sentence in the instant case, Appellant includes, within the argument section of his brief, a sentencing order from his prior robbery case. He alleges that the prior robbery conviction "as sentenced was ambiguous" and could not be used to invoke the mandatory minimum sentence in this case. Appellant's Brief, 14-15. By calling the conviction "ambiguous," he appears to be referring to the fact that the proffered sentencing order does not refer to sections of the Crimes Code to identify the particular statutes he violated in that case.

[9] Appellant does not explain the relief he is seeking. Specific performance would entail enforcement of the plea agreement but, as defendant has alleged, enforcement of the agreement would supposedly result in an illegal sentence.

- 9 -

disclosing the fact that his prior robbery conviction was supposedly not a crime of violence that made him subject to second-strike sentencing in the instant case. *See* Appellant's Brief, 17-18. He asserts that, for time-bar purposes, he was prevented from raising this *Brady* claim as a result of governmental interference, and that he timely raised the claim in his *first* PCRA petition. *Id.* at 18. He alleges that, on March 13, 2023, and February 24, 2023, he discovered that his prior robbery conviction was not a qualifying prior crime of violence for purposes of the second-strike sentencing provision in Section 9714. *Id.* He acknowledges that he previously asked this Court to review his substantive claim and refers to the fact that this Court dismissed his prior collateral review appeal due to briefing deficiencies. *Id.* at 18-19. He asserts that our dismissal of the prior post-conviction appeal was a violation of "the Constitution and laws of this Commonwealth," and alleges that he was previously entitled to review of the claim because illegal sentence claims are not subject to waiver. *Id.* at 19. He appears to be alleging that our prior dismissal of his appeal from the dismissal of his first PCRA petition was governmental interference for purposes of the time-bar exception at 42 Pa.C.S. § 9545(b)(1)(i). Appellant's Brief, 20.

As a preliminary matter, we must resolve whether the PCRA court properly treated the instant petition as a PCRA petition subject to the jurisdictional time-bar. If the petition was properly denied as a PCRA petition, "[w]e review the denial of a PCRA petition to determine whether the record

supports the PCRA court's findings and whether its order is free of legal error." ***Commonwealth v. Kelsey***, 206 A.3d 1135, 1139 (Pa. Super. 2019).

We have recognized that "a collateral petition to enforce a plea agreement is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance [such that] the designation of the petition does not preclude a court from deducing the proper nature of a pleading." ***Commonwealth v. Gillins***, 302 A.3d 154, 158 (Pa. Super. 2023) (citation omitted). On the other hand, "[a] petition for collateral relief will generally be considered a PCRA petition if it raises issues cognizable under the PCRA." ***Commonwealth v. Kerns***, 220 A.3d 607, 611 (Pa. Super. 2019); ***see also Commonwealth v. Peterkin***, 722 A.2d 638, 640 (Pa. 1998) (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose) (quoting 42 Pa.C.S. § 9542).

Appellant claims on appeal, as he did in his motion for enforcement that he filed in response to the PCRA court's Rule 907 notice, that he is entitled to specific performance of the plea agreement. ***See*** Appellant's Brief, 16; Motion for Enforcement, 6/4/24, ¶ 9. Although specific performance—*i.e.*, the enforcement of a bargained-for exchange—is a relief that may be sought beyond the ambit of the PCRA and that act's timeliness provision, Appellant's claims do not implicate specific performance in that Appellant does not seek enforcement of a term of his plea agreement but rather seeks to avoid the

enforcement of the mandatory minimum sentencing term that he negotiated as part of his plea agreement.

While requesting specific performance, albeit without seeking actual specific performance, Appellant's substantive claims include allegations cognizable under the PCRA: he was made to enter an involuntary and unknowing guilty plea; his sentence is supposedly illegal based on noncompliance with Section 9714(d); the Commonwealth supposedly hid, in violation of **Brady**, that he was not qualified for second-strike mandatory minimum sentencing; and related assertions of ineffective assistance of counsel. Those claims must be brought in a PCRA petition, under the time constraints of the PCRA, because our Supreme Court has stated that "claims that **could** be brought under the PCRA **must** be brought under that Act. No other statutory or common law remedy 'for the same purpose' is intended to be available; instead, such remedies are explicitly 'encompassed' within the PCRA." **Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) (emphasis in original). In the absence of a claim bearing on a theory for the enforcement of a bargained-for term in the plea agreement, all of Appellant's substantive claims could only be raised in a PCRA petition as those claims are specifically recognized as cognizable under the PCRA. **See** 42 Pa.C.S. § 9543(a)(2)(ii) (among claims cognizable under PCRA are allegations of ineffective assistance of counsel); **id.** at § 9543(a)(2)(iii) (also cognizable under PCRA are claims involving "[a] plea of guilty unlawfully induced where the circumstances make

it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent"); *see also Commonwealth v. Simpson*, 66 A.3d 253, 264 n.16 (Pa. 2013) (noting "[a] *Brady* claim is cognizable on collateral appeal under the PCRA"); *Commonwealth v. Anderson*, 995 A.2d 1184, 1190 (Pa. Super. 2010) (claim that guilty plea was involuntary because of breached plea bargain cognizable under PCRA); *Commonwealth v. Hockenberry*, 689 A.2d 283, 288 (Pa. Super. 1997) ("Issues relating to the legality of sentence … are cognizable under the PCRA"; addressing challenge to imposition of mandatory minimum sentence under 18 Pa.C.S. § 7508(a)).

We conclude that Appellant's claims that must be brought under the PCRA fail for lack of jurisdiction. The underlying petition was untimely filed where it was filed more than three years after Appellant's judgment of sentence became final.[10] *See* 42 Pa.C.S. § 9545(b)(1) (PCRA petitions shall

_____

[10] Appellant's judgment of sentence became final on June 15, 2020, after the denial of his direct review petition for allowance of appeal when his time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3) ("For purposes of [the PCRA], a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); U.S.Sup.Ct.R. 13(1) (setting ninety-day deadline for filing petition for writ of *certiorari*). Because the ninety-day deadline for filing a petition for *certiorari* fell on Sunday, June 14, 2020, Appellant would have had until Monday June 15, 2020, to file the petition. *See* Pa.Crim.P. 101(c) (incorporating by reference rules of construction in Pennsylvania Rules of Judicial Administration including Pa.R.J.A. 107(a)-(b), relating to computation of time for rule of construction relating to exclusion of first day and inclusion
*(Footnote Continued Next Page)*

be filed within one year of the date the judgment of sentence becomes final unless one of the three statutory exceptions applies).

Since his petition was untimely, Appellant had to plead and prove the applicability of at least one of the three statutory exceptions found at 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition, he needed to prove that he was raising any time-bar exception claims within one year of the date he first could have presented them. *See* 42 Pa.C.S. § 9545(b)(2) ("Any petition involving an exception provided in paragraph (1)) shall be filed within one year of the date the claim could have been presented."). Appellant could not satisfy the Section 9545(b)(2) requirement for any of his substantive claims where the basis for them – that his sentence was supposedly illegal because the Commonwealth did not provide an adequate record for his prior robbery conviction to support a mandatory minimum second-strike sentence – was already asserted during the litigation of his timely first PCRA petition. *See Pro Se* Amended PCRA Petition, 10/22/21, ¶¶ 16-19; *Pro Se* Response to Rule 907 Notice, 3/17/22, ¶¶ 3-4; *Pro Se* Response to Rule 907 Notice, 3/24/22, ¶¶ 3-4; *see also* Appellant's Brief, 18 (admission that claim on appeal was raised in Appellant's "1st PCRA").

_____

of last date of time period and omission of last day of time period which falls on Saturday, Sunday, or a legal holiday).

Because Appellant could not satisfy the one-year deadline in Section 9545(b)(2) for a time-bar exception for any of his substantive claims, the PCRA court was required to deny the petition for lack of jurisdiction. *See Commonwealth v. Rivera*, 324 A.3d 452, 468 (Pa. 2024) (PCRA court can only consider merits of claims in untimely post-conviction petition where claims meet invoked statutory time-bar exception and satisfy Section 9545(b)(2)'s filing mandates); *see also Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000) (where PCRA petition is not timely filed and is not eligible for exception to PCRA's time-bar, PCRA court lacks authority to address substantive merits of claims in PCRA petition); *Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa. Super. 2011) (reiterating that "[i]f the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition") (citation omitted).

To the extent that Appellant appears to be alleging that our prior dismissal of his appeal from the dismissal of his first PCRA petition constitutes governmental interference for time-bar purposes, Appellant's Brief at 20, we disagree that such an assertion has any potential merit. To plead and prove the "governmental interference" exception, one must demonstrate "his 'failure to raise **the claim** [or claims] previously was the result by government officials with the presentation of **the claim** [or claims] in violation of the

Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" ***Commonwealth v. Chester***, 895 A.2d 520, 523 (Pa. 2006) (overruled on other grounds by ***Commonwealth v. Small***, 238 A.3d 1267 (Pa. 2020) (quoting 42 Pa.C.S. § 9545(b)(1)(i)) (emphasis added). Appellant does not contend that this Court prevented him from timely raising a claim in a PCRA petition. Instead, we merely applied the Rules of Appellate Procedure and concluded that we could not conduct meaningful review of his prior collateral appeal due to deficient briefing errors. Therefore, we cannot conclude Appellant's failure to raise his substantive claims previously was the result of interference by government officials, specifically this Court, with the presentation of these claims.

Properly reviewing the nature of Appellant's claims, we determine that the PCRA court did not err by applying the PCRA's time-bar to Appellant's untimely petition and concluding that the petition should be dismissed for lack of jurisdiction.[11]

_____

[11] Even assuming *arguendo* that the PCRA court could have reviewed Appellant's claims concerning the legality of his sentence and his related issues concerning ineffective assistance of counsel and prosecutorial misconduct, by construing the hypothetical imposition of an illegal sentence as a breach of contract for purposes of a specific performance claim, Appellant has not supported his allegation that he was ineligible for second-strike mandatory minimum sentencing in this case. Noncompliance with the record providing provision of 42 Pa.C.S. § 9714(d) could have provided a basis for a remand for applying that section, ***see Commonwealth v. Norris***, 819 A.2d 568, 576 (Pa. Super. 2003), however, an assertion of a breach of contract would only theoretically be supported if Appellant's prior robbery conviction

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/2/2025

_____

was, in fact, not a crime of violence as defined in 42 Pa.C.S. § 9714(g). Appellant has not made that showing and, instead, only pointed out that a sentencing order from his prior criminal matter was ambiguous.

If the PCRA court could have reached the substantive merits of a breach of contract claim, it easily could have taken judicial notice from the docket entries for Appellant's prior robbery case that the robbery conviction in that case was for a violation of 18 Pa.C.S. § 3701(a)(1)(ii). **See** Docket Entries for **Commonwealth v. Simmons**, No. CP-39-0000032-1995 ("Disposition Sentencing/Penalties"); **see also** Pa.R.E. 201(b)(2) (permitting courts to take judicial notice of facts that may be "determined from sources whose accuracy cannot reasonably be questioned"); **see, e.g., Commonwealth v. Myers**, 324 A.3d 528, 537 n.12 (Pa. Super. 2024) (*en banc*) (upon reviewing discretionary sentencing claim, this Court took judicial notice of docket entries for Myers' prior cases involving felony drug convictions). Accordingly, even if there had been a pathway for substantive review, the PCRA court would have been correct to deny Appellant's claims as meritless because Appellant's prior robbery conviction would have supported the mandatory minimum term that he agreed to in his plea agreement in this case. **See** 42 Pa.C.S. § 9714(g) (definition of "crimes of violence" for purposes of second- and third-strike mandatory minimum sentencing statute includes convictions for "robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii), or (iii)").

- 17 -